## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TAMERA GOERS and ASHLEY
CRISTINE MULLIGAN, individually,
and on behalf of all others similarly
situated

       Plaintiffs,

v.                             Case No:   2:15-cv-412-FtM-99CM

L.A. ENTERTAINMENT GROUP,
INC. and AMER SALAMEH,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice to the Class (Doc. 43) filed on December 9, 2015 ("motion for conditional certification") and Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice to the Class (Doc. 44) filed on December 9, 2015.[2]   On December 29, 2015, Defendants filed a response in opposition.   Doc. 47.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

[2] The motion for conditional certification was not filed in accordance with M.D. Fla. R. 3.01(a), which requires the "movant [to] include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include *in a single document* not more

Pursuant to M.D. Fla. R. 3.01(c), Plaintiffs sought leave to file a reply to Defendants' response to, *inter alia*, rebut and address Defendants' allegations that "a class for the State claims should not be granted because the Court should make such determination pursuant to Fed. R. Civ. P. 23 as opposed to 29 U.S.C. § 216."  Doc. 49 at 2.   With leave, on January 11, 2016, Plaintiffs filed a Reply Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) and Motion for Authorization to Send Notice to the Class ("Reply/Motion").   Doc. 51.   Because Plaintiffs' reply included a motion, on January 26, 2016, Defendants filed their Response, Objections and Memorandum of Law in Opposition to Plaintiff's Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) and Motion for Authorization to Send Notice to the Class.   Doc. 52.

On April 27, 2016, Defendants filed an Unopposed Motion for Leave to Submit Supplemental Briefing on Dual Class Certification Under Both Section 216(b) of the FLSA Governing Collective Action Procedures and Rule 23 Governing Class Action Procedures, which the Court granted.   Docs. 57, 58.   Thus, on May 9, 2016, Defendants filed their Supplemental Brief on Dual Class Certification Under Both the Fair Labor Standards Act § 216(b) Governing Collective Action Procedures and Rule 23 Governing Class Action Procedures.   Doc. 59.   On May 16, 2016, Plaintiffs filed their Response to Defendants' supplemental brief.   Doc. 60.   The motions,

---

than twenty-five (25) pages."   (emphasis added).

therefore, are ripe for review.    Because all entertainers at Babe's are similarly situated and there is a reasonable basis for concluding that other entertainers wish to opt in to this action, the Court recommends that Plaintiffs' motion for conditional certification (Doc. 43) be granted in part.    Because Plaintiffs have failed to satisfy all the requirements for a Rule 23 class, the court recommends that Plaintiffs' Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) and Motion for Authorization to Send Notice to the Class (Doc. 51) be denied.

## BACKGROUND

Plaintiffs, Tamara Goers and Ashley Cristine Mulligan, have filed a three count Class/Collective Action Complaint against Defendants L.A. Entertainment Group, Inc. and Amer Salameh.    Doc. 1.    The complaint alleges that Defendants operate an adult entertainment club in Fort Myers, Florida under the name of "Babes."    Doc. 1 ¶ 55.    Plaintiffs are former exotic entertainers of Babes who claim that Defendants have a longstanding policy of misclassifying their employees as independent contractors and requiring them to work as exotic dancers for up to and in excess of forty (40) hours per week without compensating them the applicable minimum and overtime rates.    *Id.* ¶¶ 2, 3.    Plaintiffs' only compensation was in the form of tips from Babes patrons.    *Id.* ¶ 3.    The complaint further alleges that Defendants required Plaintiffs to tip certain employees at the end of their shift including, but not limited to, the disc jockey, the manager, and the bouncer.    *Id.* ¶ 27.    Count I alleges violation of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages.    *Id.* ¶¶ 83-85.    Count II alleges violation of the FLSA for failure

to pay minimum wages.   *Id.* ¶¶ 86-92.   Count III alleges violation of the Article X, Section 24, of the Florida Constitution for failure to pay Florida minimum wages ("Section 24 claim").   *Id.* ¶¶ 93-102.   Concerning their FLSA claims, Plaintiffs seek conditional certification as a collective action pursuant to 29 U.S.C. § 216(b) and request the Court to facilitate notice to potential plaintiffs.   Concerning their Section 24 claim, Plaintiffs seek certification as a class action pursuant to Rule 23(b)(3), Federal Rules of Civil Procedure.

## DISCUSSION

### I.   Conditional Certification Under Section 216 (b)

Plaintiffs seek to conditionally certify a class of "all current or former entertainers and bartenders who worked for L.A. Entertainment Group, Inc. d/b/a Babes at any time on after July 8, 2012 through and including the date of entry of judgment in this case." Docs. 43 at 3 ¶ 8; 44 at 10-11.   An FLSA action can be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).   Unlike a class action under Fed. R. Civ. P. 23, prospective plaintiffs in an FLSA action must expressly consent to join the class.   29 U.S.C. § 216(b) (providing "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The Eleventh Circuit has set forth a two-tiered approach to determine whether to certify a collective action under section 216(b).   *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial.

*Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir.1995)).

At the notice stage, relevant here, Plaintiffs must show a reasonable basis for their claims that there are other similarly situated employees. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). In determining whether employees are similarly situated, the Court must consider whether the employees are similar with respect to their job requirements and pay provisions. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiffs need only demonstrate that their positions are similar, not identical, to the positions held by the putative plaintiffs. *Morgan*, 551 F.3d at 1260 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). Although the standard is fairly lenient, "there must be more than only counsel's unsupported assertions that FLSA violations are widespread and that additional plaintiffs would come [forward]." *Morgan*, 551 F.3d at 1261 (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)). Moreover, "[t]he district court should satisfy itself that there are other employees . . . who desire

to opt-in." *Dybach*, 942 F.2d at 1567. "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees." *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012)

Here, although Plaintiffs seek to include bartenders in their proposed class definition, there is no discussion that there are similarly situated bartenders. The complaint is devoid of any mention of "bartender" and rests entirely on Defendants' treatment of their "entertainers," "exotic entertainers" or "dancers." *See* Doc. 1 generally. Moreover, the motion and memorandum argues that all entertainers who performed at Babes were treated as independent contractors and not employees, and thus were not paid any wages by Defendants. Doc. 43 at 1. Plaintiffs' motion, memorandum in support of the motion, and the Affidavit of William J. Cutler, on which they rely, fail to offer any discussion how there are similarly situated bartenders. Plaintiffs point to Defendants' Answer and Affirmative Defenses wherein Defendants admit that the entertainers were treated as independent contractors and not employees. Doc. 25 at 1. There are three opt-in Plaintiffs who have consented to join this lawsuit. Docs. 17-1, 18-1, 19-1. Only one of them is a bartender. Doc. 37-3. The consents do not state any information with respect to the job requirements or pay provisions. *See* Docs. 17-1, 18-1, 19-1. Each consent, in identical form, states "I consent to pursue my claims of unpaid overtime and/or minimum wage through the lawsuit filed against my employer. . . . I understand that

this lawsuit is brought to recover unpaid wages under the Fair Labor Standards Act and/or applicable state laws." *Id.* Plaintiffs, however, also rely on the Answers to Court's Interrogatories filed by each Plaintiff and opt-in Plaintiff. Doc. 44 at 6 (citing Docs. 37-1, 37-2, 37-4, 37-5). Each of the verified Answers to Court's Interrogatories reveals that Plaintiffs and two opt-in Plaintiffs worked for Defendants as entertainers, were required to work certain mandatory shifts, did not receive any compensation by the Defendants, and their compensation comprised of only tips from customers. Docs. 37-1, 37-2, 37-4, 37-5. Each entertainer was required to pay a portion of her tips to the "house," as well as pay certain rates to the disc jockey and the bouncers. *Id.* The opt-in Plaintiff who worked as a bartender also was not compensated by Defendants, and her compensation comprised only of tips, ten percent of which she had to pay to Defendants. Doc. 37-3.

Upon consideration of the lenient standard, the existence of two opt-in Plaintiffs, and the verified Answers to Court's Interrogatories, there is a reasonable basis to believe there are other entertainers who may desire to opt-in. *See Stevenson v. Great Am. Dream, Inc., No.* 1:12-CV-3359-TWT, 2013 WL 4217128 (N.D. Ga. Aug. 14, 2013) (conditionally certifying a class of "all current or former entertainers at Pin Ups Night Club" who were classified as independent contractors, did not receive paid hourly rates, and were required to pay "house fees"). This Court previously has held that the consents of two opt-in plaintiffs and the plaintiff's declaration was sufficient reasonable basis to believe there are other employees who may desire to opt-in. *Teahl v. The Lazy Flamingo, Inc.*, No. 2:13-cv-833-FtM-38CM, 2015 WL 179367, at

*6 (M.D. Fla. Jan. 14, 2015) (citing *Robbins–Pagel v. Puckett*, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *2 (M.D.Fla. Nov.22, 2006) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation.")).   Moreover, Defendants' response to the motion for conditional certification does not dispute that there are similarly situated entertainers who desire to opt-in, rather it primarily challenges the legal sufficiency of the proposed Notice and Consent Form.   *See* Doc. 47.

The Court, however, is not satisfied that there are other similarly situated bartenders with only the evidence before it.   The bartender's cookie-cutter affidavit (Doc. 19-1) and her verified Answers to Court Interrogatories (Doc. 37-3) lack any information that there are similarly situated individuals that wish to join the suit. Accordingly, it is respectfully recommended that this matter proceed to the notice stage with respect to entertainers only.   The undersigned will address the proposed notice to the potential class members later in this Report and Recommendation.

## II.   Certification Under Fed. R. Civ. P. 23

### A.   *Proprietary of the arguments before the Court*

In their motion for conditional certification, Plaintiffs identified a proposed Section 24 class as "all current or former entertainers and bartenders who worked for L.A. Entertainment Group, Inc. d/b/a Babes at any time on after July 8, 2010 through and including the date of entry judgment in this case."   Docs. 43 at 3; 44 at 10.   The motion for conditional certification, however, contains no discussion of any of the

requirements under Fed. R. Civ. P. 23, and focuses entirely on the requirements for conditional certification.   When Defendants argued that Plaintiffs cannot bring their Section 24 claim as a collective action in the same manner as their FLSA claims (Doc. 47 at 2-3), Plaintiffs filed a reply clarifying that they "are also seeking an order from this Court, pursuant to Fed. R. Civ. P. 23, certifying the Plaintiffs' state law clams as a class action."   Doc. 51 at 4.   Further, the reply states, "Plaintiffs address the Court's certification of a class action for the state law claims in this Reply as the FLSA claims were thoroughly briefed in Plaintiffs' motion."   *Id.*   Plaintiff's reply, therefore, in entirety, seeks certification as a class action pursuant to Rule 23(b)(3). Doc. 51.

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition['s] response to a request for relief before the Court."   *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011).   The Eleventh Circuit has "repeatedly . . . admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."   *Herring v. Sec'y, Dep't of Corr.,* 397 F.3d 1338, 1342 (11th Cir. 2005) (internal quotations and citation omitted); *see also Tafel v. Lion Antique Investments & Consulting Servs.,* 459 F. App'x 847, 849 (11th Cir. 2012) ("The district court had no obligation to consider an argument raised for the first time in the reply brief."); *United States v. Dicter,* 198 F.3d 1284, 1289 (11th Cir. 1999) (issue raised for the first time in his reply brief is deemed waived).   This is especially true when the new arguments or evidence were available to the movant when the underlying motion was

filed, and the movant should have been aware of the necessity of the arguments or evidence. *See e.g., Lage v. Ocwen Loan Servicing LLC,* --- F.Supp.3d --- 2015 WL 7294854, at *6 (S.D. Fla. Nov. 18, 2015). As such, district courts, including the Middle District, "ordinarily do not consider arguments raised for the first time on reply." *Grasso v. Grasso*, 131 F. Supp. 3d 1303, 1309 (M.D. Fla. 2015) (internal quotations and citation omitted). On this basis alone, the Court may decline to entertain this request; however, because the reply was also titled as a motion and prompted a full response by the Defendants, the undersigned will address the merits.

### B. *Legal Standard*

As the moving parties, Plaintiffs have then burden of proof to establish the propriety of class certification. *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1322 (11th Cir. 2008). The district courts enjoy broad discretion whether to certify a class pursuant to Rule 23. *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,* 601 F.3d 1159, 1169 (11th Cir. 2010). The decision, however, must "rest on a rigorous analysis of the requirements of Rule 23." *Busby,* 513 F.3d at 1322. (internal quotations omitted and citations omitted). The putative class must meet each of the requirements specified in Rule 23(a) and at least one of the requirements set forth in Rule 23(b). *Id.* In reaching its decision, the district court may consider both the allegations of the complaint and the evidentiary submissions of the parties. *Singer v. AT & T Corp.,* 185 F.R.D. 681, 685 (S.D. Fla. 1998) (citing *Blackie v. Barrack,* 524 F.2d 891, 901 n.17 (9th Cir.1975)). As an initial matter, however, the Court must determine whether at least one named class representative has standing

to raise a class claim.  *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000).   Moreover, prior to reviewing Rule 23 requirements, the court also must determine if the class is adequately defined.   *Singer,* 185 F.R.D. at 685 (citing *DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir.1970)).

   *1. Standing*

First, the Court must determine if Goers or Mulligan has Article III standing to raise the class claim.  *Prado-Steinman ex rel. Prado,* 221 F. 3d at 1279-80.   That is, one of them must have suffered the injury that gives rise to the class claim.   *Id.* (citing *Griffin v. Dugger,* 823 F.2d 1476, 1482 (11th Cir. 1987)).   "[D]etermining injury for Article III standing purposes is a fact-specific inquiry. . . . [that] requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 606 (1992) (internal quotations and citation omitted).   The claim at issue for Rule 23 certification is Count III.   Docs. 1 at 18-20; 51 at 1.   Count III is an unpaid minimum wage claim brought pursuant to the Florida Constitution Article X Section 24.   Doc. 1 at 18-20.   According to the complaint, both Plaintiffs worked for Defendants as exotic entertainers and/or dancers at Babes, and were not paid minimum wages as required by the Florida Constitution.   In light of the factual allegations, the undersigned recommends that Plaintiffs have Article III standing as it relates to Count III.

### 2. Class Definition

Next, Plaintiffs' class must be "adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (citing *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)).   Although the definition of the class does not require a strict degree of certainty and is to be liberally applied, it must not be vague or difficult to apply.   *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1278 (S.D. Fla. 2012) (citation omitted).   To satisfy this requirement, the proposed class definition must specify a particular group harmed during a particular time period, in a particular location, and through a particular manner, such that the district court can ascertain its membership in some objective manner.   *LaBauve v. Olin Corp.,* 231 F.R.D. 632, 662 (S.D. Ala. 2005); *see also Fisher v. Ciba Specialty Chemicals Corp.,* 238 F.R.D. 273, 301 (S.D. Ala. 2006).

Here, Plaintiffs have not been consistent in their proposed class definitions. Plaintiffs have offered three different versions of the proposed class in their pleadings.   In their complaint, Plaintiffs define the Section 24 class as: "All of Defendants' current and former exotic entertainers who worked at a L.A. Entertainment Group, Inc. d/b/a Babes at any time during the five (5) years before the Complaint was filed up to the present."   Doc. 1 ¶ 129.   In their motion for conditional certification, Plaintiffs defined the Section 24 class as: "All current and former entertainers and bartenders who worked for L.A Entertainment Group, Inc. d/b/a Babes at any time on after July 8, 2010 through and including the date of entry of judgment in this case."   Docs. 43 ¶ 8; 44 at 10.   In their Reply/Motion, Plaintiffs

define the class as: "[A]ll current or former entertainers and massage girls who worked for L.A. Entertainment Group, Inc. d/b/a Babe's at any time on after July 8, 2010 through and including the date of entry of judgment in this case." Doc. 51 at 11. Thus, the Court is left to guess which definition Plaintiffs are proposing.[3]

Several courts have certified classes of entertainers who worked at exotic clubs in identifiable locations during specific delineated timeframes. *See e.g., Ruffin v. Entm't of the E. Panhandle,* No. 3:11-CV-19, 2012 WL 5472165, at *11 (N.D.W. Va. Nov. 9, 2012) (certifying a class of "all persons who, during the period of March 8, 2006 and continuing through the entry of judgment in this case, performed as an entertainer at one or more of Defendants' three exotic dance clubs in West Virginia."); *Hart v. Rick's Cabaret Int'l Inc.,* No. 09 Civ. 3043(JGK), 2010 WL 5297221, at *5, 8 (S.D.N.Y. Dec. 20, 2010) (certifying a class of "[a]ll persons who worked at Rick's New York or were employed by Defendant Rick's Cabaret International Inc., RCI Entertainment (New York) Inc. and/or Peregrine Enterprises, Inc. in the state of New York as 'entertainers' at any time six years prior to the filing of the Complaint to the entry of judgment in this case."); *Flynn v. New York Dolls Gentlemen's Club,* No. 13 Civ. 6530(PKC)(RLE), 2014 WL 4980380, at *2 (S.D.N.Y. Oct. 6, 2014) (for settlement purposes only, provisionally certifying subclasses of "[a]ll individuals on payroll at New York Dolls Gentlemen's Club and/or Private Eyes Gentlemen's Club and who perform or performed as entertainers at New York Dolls Gentlemen's Club and/or

---

[3] Moreover, the complaint is devoid of any mention of "bartender" or "massage girls," and rests entirely on Defendants' treatment of their "entertainers," "exotic entertainers" or "dancers." *See* Doc. 1 generally.

- 13 -

Private Eyes Gentlemen's Club from September 17, 2007 through April 1,2014."); *see also Espinoza v. Galardi S. Enterprises, Inc.,* No. 14-21244-CIV-GOODMAN, 2016 WL 127586 (S.D. Fla. Jan. 11, 2016) (certifying a class of "all persons employed as entertainers at the Kings of Diamonds 'Gentlemen's Club . . .'" but granting counsel ten days to modify the notice to include a specific time frame).

Plaintiffs have not offered any discussion related to either proposed definition, and it is not the Court's responsibility to delineate a proposed class on behalf of Plaintiffs. *See Fisher,* 238 F.R.D. at 300 (noting, while there is case law that suggests a court has discretion to limit or modify a class, nothing requires the court to do so). *Cf. Espinoza*, 2016 WL 127586 (plaintiffs' "minor date inconsistency" in two proposed class definitions did not preclude court from certifying the classes and offering counsel opportunity to cure the inconsistency). Plaintiffs' inconsistent proposed definitions of whether they include entertainers only, or also bartenders and massage girls, render this implicit requirement unsatisfied. Because the Court has discretion to allow Plaintiffs an opportunity to modify the class definition due to the inconsistency and because Plaintiffs' Reply/Motion focuses on the class of entertainers, the Court will analyze whether the remaining Rule 23 requirements are satisfied with respect to entertainers. *See* e.g., Doc. 51 at 7; *Espinoza,* 2016 WL 127586 at *4.

### 3. Federal Rule of Civil Procedure 23(a) Requirements

To certify a class, Plaintiffs must establish the four Rule 23(a) elements, commonly referred to as: (1) numerosity; (2) commonality; (3) typicality; and (4)

adequacy.   Fed. R. Civ. P. 23(a); *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir. 2009).   Plaintiffs must also prove that one of Rule 23(b) requirements are met.   *Id.*

### i. Numerosity

To satisfy the numerosity requirement, the proposed class must be "so numerous that joinder of all members is impracticable."   Fed. R. Civ. P. 23(a)(1); *Vega,* 564 F.3d at 1266.   "[A]lthough mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class."   *Vega,* 564 F.3d at 1267 (citing *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 930 (11th Cir. 1983)).   The Eleventh Circuit has noted, "generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors."   *Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986).   "Factors to be considered are the geographic dispersion of the class members, judicial economy, and the ease of identifying the members of the class and their addresses."   *Kubiak v. S.W. Cowboy, Inc.,* No. 312-cv-1306-J-34JRK, 2014 WL 2625181, at *12 (M.D. Fla. June 12, 2014).   Additionally, "where the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the court has the option to decertify pursuant to Rule 23(c)(1)."   *Evans,* 696 F.2d at 930.

Here, Plaintiffs state that Defendants have no documentation as to entertainers that have worked for them; thus, they rely on the affidavit of William J. Cutler, Jr., who they retained "to provide services as a consultant and forensic expert

regarding the wage and hour issues in this matter."   Doc. 42-1 at 1.   Mr. Cutler opines that based on the turn-over of entertainers each week, he estimated the number of entertainers to have worked for Defendants during the five years preceding the filing of the complaint to be 300.[4]   Doc. 42-1 ¶ 24.   Defendants respond that Plaintiffs' figures only estimate the number of entertainers who worked for Babes since July 2010, not how many would be willing to join the lawsuit.[5]   Doc. 52.

Here, the Court is satisfied that Plaintiffs have made "some" showing of the size of the class by extrapolating the number of entertainers who have worked at Babes over the five year period based on the turn-over rate.   *See Kubiak*, 2014 WL 2625181 at *13 ("Plaintiffs have made 'some' showing of the size of the class, extrapolating the number of servers who have worked at Defendants' restaurants over the five year period, based on the number of servers currently employed by

---

[4] Specifically, he states: "The U.S. Department of Labor, Wage & Hour Divisions, regularly use estimated calculations in determining liability under the Fair Labor Standards Act. Using the information I reviewed, including the interviews of entertainers, and using reliable calculation methodology regularly performed and accepted by the Wage and Hour Division, I estimate that based upon a replacement rate of two new entertainers per week and an applicable two hundred and fifty week period there are more than three hundred (300) entertainers who have worked at Babe's over the last five (5) years (52 weeks x 5 years x 2 new entertainers hired by the Defendant per week = 520 new entertainers hired).   Doc. 42-1 ¶ 24.

[5] Defendants also object to Mr. Cutler's affidavit because "the statute of limitations for unpaid wage claims in Florida is two years."   Doc. 47 at 16 (citing Fla. Stat. § 95.11(4)(c)). Section 448.110, otherwise the Florida Minimum Wage Act ("FMWA"), provides measures for the implementation of Section 24, Article X of the Florida State Constitution.   Fla. Stat. § 448.110(2).   Pursuant to section 95.11(2)(d), the statute of limitations for willful violations of section 448.110 is five years.   S*ee also Kwasnik v. Charlee Family Care Servs. of Cent. Florida, Inc.,* No. 608-cv-926-Orl-31KRS, 2009 WL 1607809, at *4 (M.D. Fla. June 9, 2009) (FMWA provides for a five year statute of limitations "for allegedly willful FMWA violations.").   In their complaint, Plaintiffs have alleged that Defendants willfully violated Section 24.   Doc. 1 ¶ 96.   Thus, the objection on this ground is overruled.

Defendants."). Thus, the Court recommends that Plaintiffs have satisfied the numerosity requirement.

### ii. Commonality

To satisfy the commonality requirement, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Rule 23, however, "does not require that all the questions of law and fact raised by the dispute be common or that the common questions of law or fact 'predominate' over individual issues." *Vega*, 564 F.3d at 1268. Under this part of the rule, "a class action must involve issues that are susceptible to class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). The Eleventh Circuit has characterized this requirement as a "low hurdle." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356 (11th Cir. 2009).

Here, Plaintiffs have alleged in Count III that Defendants have failed to pay Plaintiffs, and all others similarly situated, minimum wages as required by the Florida Constitution. *See e.g.*, Doc. 1 ¶ 96. Moreover, they allege that Defendants illegally misclassified all of their entertainers as independent contractors. *Id.* ¶ 128. To the extent that the proposed class includes only entertainers, the Court is satisfied that this is enough to satisfy the commonality requirement. *See Espinoza*, 2016 WL 127586 at*8 (finding commonality met where the issue whether the defendant treated all dancers as independent contractors was common to all the putative class members).

### iii. Typicality

To satisfy the typicality requirement, the claims or defenses of the representative parties must be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Busby,* 513 F.3d at 1322 (citing *Cooper v. Southern Co.,* 390 F.3d 695, 713 (11th Cir.2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454 (2006)). Typicality, in other words, "measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Id.* A sufficient nexus exists "if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Ault v. Walt Disney World Co.,* 692 F.3d 1212, 1216 (11th Cir. 2012) (citing *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984)).

Count III in this action arises from the same policy of Defendants – their characterization of entertainers as independent contractors – and is based on alleged liability pursuant to Article X, Section 24 of the Florida Constitution. Therefore, because the Plaintiffs' claims and the putative class members' claims arise out of the same conduct and legal and factual basis, the Court recommends that the Plaintiffs have satisfied the typicality requirement.

*iv. Adequacy*

To satisfy the adequacy requirement, the Court must find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).   This requirement "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Busby,* 513 F. 3d at 1323 (citing *Valley Drug Co. v. Geneva Pharm., Inc.,* 350 F.3d 1181, 1189 (11th Cir. 2003)).   In the first inquiry, the court should analyze whether class members have opposing interests or whether the class consists of members who benefit from the same acts alleged to have harmed other members of the class.   *See Valley Drug,* 350 F.3d at 1189; *Pickett v. Iowa Beef Processors,* 209 F.3d 1276 (11th Cir. 2000).   Minor conflicts between the representative and the class will not defeat class certification; however, if the conflict is a "fundamental one, going to the specific issues in controversy," then class certification is not appropriate.   *Valley Drug,* 350 F.3d at 1189 (internal citation omitted).   With respect to adequate representation, the court must also consider the competency and any conflicts of class counsel. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 626 n.20 (1997); *see also Jones v. Hartford Ins. Co. of Midwest,* 243 F.R.D. 694, 696 (N.D. Fla. 2006).

As to the first inquiry, the Court does not find that there are any substantial conflicts of interest between Plaintiffs and the proposed class.   Plaintiffs, on behalf of themselves and the putative class members, seek to hold Defendants liable for allegedly mischaracterizing them as independent contractors and not paying them

any wages.   The claims, defenses, and Defendants' unjust enrichment counterclaim applicable to Plaintiffs are substantially the same for the putative class.

As to the second inquiry, however, there is no evidence before the Court as to the competency and conflicts of class counsel.   The Reply/Motion is devoid of any mention or discussion of this requirement, and the Court is unable to make a recommendation that the class will be adequately represented without the requisite information to make such finding.   *Cf. Espinoza,* 2016 WL 127586 at *9 (undertaking a "thorough review of lead counsel's affidavit and many of the similar cases in which he has been lead counsel.").   The Court has several concerns, however, when taking into account the procedural and legal deficiencies in Plaintiffs' motion for Rule 23(b)(3) class certification.

Plaintiffs filed this matter on July 8, 2015.   Doc. 1.   Plaintiffs filed the motion for conditional class certification on December 9, 2015.   Doc. 43.   As noted, Plaintiffs merely defined a Section 24 class; however, offered no legal authority or discussion with respect to any of the Rule 23(a) or Rule 23(b) requirements, even though Plaintiffs carry the burden of proving these elements.[6]   *See Vega,* 564 F.3d at 1267 ("[A] plaintiff . . . bears the burden of establishing every element of Rule 23."). Plaintiffs Reply/Motion was filed on January 11, 2016.   As discussed *supra,* the Reply/Motion offers inconsistent class definitions and does not address each class certification requirement, such as standing, competency and conflicts of class counsel.

---

[6] In fact, Plaintiffs' memorandum of law in support of the motion only included the proposed class definition in the conclusion section of the memorandum. Doc. 44 at 13 ¶ 2.

This Court "expects [Plaintiffs'] attorneys to use binding case law, address all class certification requirements such as standing, and create a class definition aligned with similarly situated cases." *Teahl,* 2015 WL 179367 at *5.   Moreover, and importantly, Plaintiffs' have not complied with the local rules of the Middle District of Florida pertaining to class certification.   Local Rule 4.04(a) provides,

> Within ninety (90) days following the filing of the initial complaint in such an action, unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action.

M.D. Fla. R. 4.04(a).   Here, the motion was not timely filed.   The motion for conditional certification was filed two months after the deadline, and the Reply/Motion was filed three months after the deadline.   Plaintiffs did not file a motion to extend the deadline for class certification nor did they offer any explanation for the delay.

Inexcusable delay in moving for class certification can be a factor in determining the adequacy of representation, even if the defendants have not been prejudiced by the delay.   *See Jones,* 243 F.R.D. at 696.   As the court in *Jones* explained,

> Although courts have held that an untimely request for class certification is not a bar to the maintenance of a class action because the trial court is "independently obligated" to decide whether an action should be brought on a class action basis, the United States Supreme Court has held that failing to move for class certification is a direct assault on the merits of the request for class certification. *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). Fed.R.Civ.P. 23(a)(4) requires that the case be prosecuted by one who will "adequately protect the interests of the class." Thus, failing to move for class certification constitutes a "failure to protect the interests of class members" and "surely bears

strongly on the adequacy of the representation that those class members might expect to receive."

*Jones,* 243 F.R.D. at 696 (citing *East Texas Motor Freight System, In*c., 431 U.S. at 405).   Thus, based on the foregoing, the Court is unable to recommend that the adequacy requirement is satisfied.

### 4.    *Federal Rule of Civil Procedure 23(b)(3)*

Rule 23(b)(3) states that if Rule 23(a) is satisfied, a class action may be maintained if, "the court finds that the questions of law or fact common to class member predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."   Fed. R. Civ. P. 23(b)(3).   These requirements "are commonly referred to as the predominance and superiority requirements." *Espinoza,* 2016 WL 127586 at * 9.   (internal quotation and citation omitted).   The Court will address each in turn.

### i. Predominance

To determine predominance, the court looks at whether the proposed class is "'sufficiently cohesive to warrant adjudication by representation.'"   *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 376 (2011) (quoting *Amchem*, 521 U.S. at 623).   This requires a court to give "careful scrutiny to the relation between common and individual questions in a case."   *Tyson Foods, Inc. v. Bouaphakeo,* 136 S. Ct. 1036, 1045 (2016).   An individual question involves a scenario where "members of a proposed class will need to present evidence that varies from member to member," whereas a common question "is one where the same evidence will suffice for each

member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id.* (internal quotations and citation omitted). Not all the questions of law or fact raised by the dispute need be common, however. *Espinoza,* 2016 WL 127586 at * 10 (citing *Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1557 (11th Cir. 1986). Rather, the inquiry is "whether the common, aggregation-enabling, issues in the case are more prevalent or important than then non-common, aggregation-defeating, individual issues." *Tyson Foods,* 136 S. Ct. at 1045. If one or more central issues in the action are common to the class and predominate, then the first prong of the Rule 23(b)(3) is satisfied even though other matters, such as damages or affirmative defenses peculiar to some individual class members, may have to be tried separately. *Id.*

Here, Plaintiffs are challenging Defendants' policies of treating their entertainers as independent contractors and not paying them any wages. The present matter turns on whether Defendants' policies violate the FMWA and the Florida Constitution, and this common issue applies to all entertainers. Defendants do not challenge this requirement. Accordingly, the Court recommends that this requirement is satisfied.

### ii. Superiority

Rule 23(b)(3) also requires that a class action be superior to other methods of adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). This requires the Court to analyze "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Sacred Heart Health*

*Sys.,* 601 F.3d at 1183-84.   While some courts in this circuit, and even within this district, have concluded that hybrid class actions suits under 29 U.S.C. § 216(b) and Rule 23 for state minimum wage violations may proceed without conflict,[7] based on binding precedent in this circuit, a court in this division recently ruled that they cannot.   *Calderone v. Scott*, No. 2:14-cv-519-FtM-29CM, 2015 WL 4395623, at *5 (M.D. Fla. July 19, 2015) (citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975)); *see also Nadreau v. Lush Cosmetics NY, LLC,* No. 2:10-CV-298-FtM-99SPC, 2012 WL 3852231 (M.D. Fla. Aug. 13, 2012), report and recommendation adopted, No. 2:10-CV-00298-FtM, 2012 WL 3853443 (M.D. Fla. Sept. 5, 2012).   In *Calderone*, the court stated that "an FMWA class action is not superior to other available methods for adjudicating Plaintiffs' claims because overlapping FLSA and FMWA class actions are 'mutually exclusive and irreconcilable.'"   *Id.* (citing *LaChapelle,* 513 F.2d at 289).   The court specifically discussed the FLSA requirement that putative class members who wish to join the action must affirmatively opt-in, while Rule 23 class actions requires putative class members who do not wish to join to affirmatively opt-out.   *Id.* at *6.   The court stated that when the putative FLSA and FMWA classes are identical, the opt-in and opt-out procedures cannot be reconciled.   *Id.*   The *Calderone* court presented a hypothetical to demonstrate the conflict:

---

[7] *See Kubiak,* 2014 WL 2625181 at *1 n.4 (stating that hybrid class action suits may proceed without conflict); *Bennett,* 880 F. Supp. 2d at 1276 (stating claims subject to certification under 29 U.S.C. § 216(b) may be brought in the same lawsuit as claims subject to certification under Rule 23); *Espinoza,* 2016 WL 127586 at * 1 (certifying a Rule 23 class of entertainers at a strip club after the court had previously granted conditional certification of an FLSA collective action).

> [C]onsider a hypothetical Deputy who is a member of Plaintiffs' putative class but *does not* wish to have her minimum wages claims adjudicated in this case. Upon receiving notice of the FLSA action, she would do nothing because the FLSA provides that she is not bound by the outcome of this case unless she opts-in.   However, upon receiving notice of the FMWA action, she would have to affirmatively opt-out.   If she does not opt-out, she will become a member of the FMWA action by default and her minimum wages claims will be adjudicated in this case. The end result is that any putative class member who does not wish to be bound by the outcome of this case must affirmatively opt-out, despite that fact that the FLSA requires precisely the opposite.

*Id.* (emphasis in original).   The court noted that in *LaChapelle,* this result was found to be impermissible.   *Id.*   In *LaChapelle,* the Fifth Circuit Court of Appeals stated that "it is crystal clear that [29 U.S.C. § 216(b)] precludes pure Rule 23 class actions in FLSA suits" because there is a fundamental and irreconcilable difference between a Rule 23 class action and that provided for by the FLSA.   516 F.2d at 288.   In *Calderone*, the court acknowledged that the Eleventh Circuit had not directly addressed this issue, nor had it repudiated *LaChapelle*.   2015 WL 4395623 at *6. Therefore, the court stated that *LaChappelle* remained binding precedent on this court.[8]   *Id.*   The court also noted, "the Eleventh Circuit has cited *LaChappelle* approvingly for the point that the FLSA and Rule 23 employ conflicting class action notice procedures."   *Id.* (citing *Cameron-Grant v. Maxin Healthcare Servs.*, 347 F.3d 1240, 1248 (11th Cir. 2003); *Grayson*, 79 F.3d at 1106). Accordingly, in *Calderone*, the court followed *LaChapelle* and held that Plaintiffs' overlapping FLSA and FMWA

---

[8] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.   *Bonner v. City of Prichard Ala.*, 661 F.2d. 1206, 1209 (11th Cir. 1981) (en banc).

class actions were mutually exclusive and irreconcilable.  *Id.*  Thus, the court denied Plaintiffs' motion to certify the FMWA claims pursuant to Rule 23(b)(3).

Similarly, in *Nadreau*, the court considered the same issue, and acknowledged that "Rule 23(c) provides for 'opt out' class actions. FLSA § 16(b) allows as class members only those who 'opt in.' These two types of class actions are mutually exclusive and irreconcilable."  2012 WL 3852231 at * 8.  The court proceeded, "Rule 23 cannot be invoked to circumvent the consent requirement of the third sentence of the FLSA § 16(b)."  *Id.*  (citing *La Chappelle,* 513 F.2d at 288).

Plaintiffs invite the Court to decline to follow *Calderone* and *Nadreau* and instead adopt the holdings of the numerous circuit courts that have determined there is no inherent incompatibility in certifying plaintiffs' FLSA collective action and plaintiffs' Rule 23 class action.  Doc. 60 at 2-3 (citing *Knepper v. Rite Aid Corp.,* 675 F.3d 249 (3d Cir. 2012); *Ervin v. OS Rest. Servs., Inc.,* 632 F.3d 971 (7th Cir. 2011); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.,* 659 F.3d 234 (2d Cir. 2011); *Wang v. Chinese Daily News, Inc.,* 623 F.3d 743 (9th Cir. 2010), vacated on other grounds, 132 S. Ct. 74 (2011)).  Plaintiffs also rely on *Tyson Foods,* 136 S. Ct. 1036 to support their position that Rule 23 certification is appropriate in this case.  Doc. 60 at 5-7.

In *Tyson Foods,* the district court certified the plaintiffs' FLSA claims as a collective action under 29 U.S.C. § 216(b) and certified their state law wage claims as a class action under Rule 23.  136 S. Ct. at 1042.  The defendant objected to the certification of both classes on the same ground, that the employees' claims were not sufficiently similar to be resolved on a class wide basis.  *Id.* at 1042-43.  The district

court rejected that position. *Id.* at 1043. Before the Supreme Court were two issues, described by the Court as follows,

> The employer . . . makes two arguments. Both relate to whether it was proper to permit the employees to pursue their claims as a class. First, the employer argues the class should not have been certified because the primary method of proving injury assumed each employee spent the same time donning and doffing protective gear, even though differences in the composition of that gear may have meant that, in fact, employees took different amounts of time to don and doff. Second, the employer argues certification was improper because the damages awarded to the class may be distributed to some persons who did not work any uncompensated overtime.

*Id.* at 1041. Although the Court spent some time discussing the dual classes and the differences between a Section 216(b) collective action and a Rule 23 class action to outline the procedural history of the case, the propriety of the dual certification was not an issue before the Court, nor did the Court opine as to the propriety of dual certification. *See id.* at 1043. Rather, the exclusive focus of the *Tyson Foods* was the predominance requirement of Rule 23(b)(3), not the superiority requirement relevant here. *See id.* at 1045-49. In fact, the Court made clear at several instances throughout its opinion that issues that were not raised were not considered. For instance, the Court noted,

> The parties do not dispute that the standard for certifying a collective action under the FLSA is no more stringent than the standard for certifying a class under the Federal Rules of Civil Procedure. This opinion assumes, without deciding, that this is correct. For purposes of this case then, if certification of respondents' class action under the Federal Rules was proper, certification of the collective action was proper as well.

*Id.* at 1045. The undersigned does not agree with Plaintiffs' contention that "no fair reading of the case could suggest that the Supreme Court did not fully recognize,

delineate, and affirm, the underlying use of the dual Rule 23 and § 216 classes."   Doc. 60 at 6.   The defendant in *Tyson Foods* did not challenge the propriety of the dual certification in the district court, before the Eighth Circuit Court of Appeals, or to the Supreme Court.   For that reason, neither the district court, the Eighth Circuit, nor the Supreme Court addressed the issue.

This case is nearly identical to *Calderone*.   The putative FLSA and FMWA classes are nearly identical, to the extent Plaintiffs seek to certify a class of entertainers.   Thus, the opt-in and opt-out procedures cannot be reconciled.   While the Court is mindful that other courts within this district have made contrary findings, the Court will follow the reasoning of this division and will recommend ruling consistently with *Calderone* and *Nadreau*, following the case authority of *LaChappelle*.   Accordingly, the undersigned recommends that the parties' request for Rule 23 certification be denied.

### 5.   *Authorization of Notice to the Propose Class*

Court-authorized notice in class actions can help prevent "misleading communications," and "ensure that [the notice] is timely, accurate, and informative." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171-72, (1989).   The Supreme Court has declined to determine the form or content of the court-approved notice and instead has delegated these tasks to the district court's broad discretion.   *Id.* at 171. In general, however, notice to potential class members should contain certain information.   For instance, the Notice "must include a full disclosure of the individuals' rights *and* responsibilities should they decide to opt-in to the suit."

*Robbins-Pagel,* 2006 WL 3393706 at *3 (emphasis in original).   Plaintiffs have provided their proposed Notice to be sent to the potential class members.   Doc. 51-1.[9]   Upon consideration, the undersigned recommends that the Court not authorize the Notice, but provide Plaintiffs an opportunity to correct the Notice to address the deficiencies outlined herein.

First, in light of the recommendation that the Court not certify the class pursuant to Rule 23, all language related to the Florida Constitution claim should be omitted from the Notice.   Second, in light of the recommendation that bartenders not be included in the definition, all references to bartenders should be removed from the Notice.   Third, all references in the Notice to a five-year statute of limitations should be deleted.   Willful FLSA violations are subject to a three-year statute of limitations. 29 U.S.C. § 255(a).   "If the plaintiff is a named party in the complaint, a FLSA action is deemed commenced upon the filing of the complaint; if the plaintiff is not named in the complaint, the action is deemed commenced upon the filing of a written consent to join the action."   *Love v. Phillips Oil, Inc.*, No. 3:08cv92/MCR/MD, 2008 WL 5157677, at *1 (N.D. Fla. Dec. 9, 2008).   The class members should be able to file a consent to join this lawsuit to pursue a claim for an FLSA violation that occurred within three years prior to the filing of his or her consent to join.   *See Abdul-Rasheed v. KableLink Comm., LLC*, No. 8:13-cv-879-T-24, 2013 WL 5954785, at *3 (M.D. Fla.

---

[9] Plaintiffs have filed two proposed Notices (Docs. 43-1, 51-1).   In their Motion/Reply, they state that having reviewed Defendants' response to their first proposed Notice, "Plaintiffs have revised the Proposed Notice attached hereto as Exhibit A, and ask the Court to authorize said revised Notice and Consent Form to be sent to the Class."   Doc. 51 at 11.

Nov. 7, 2013); *Gutescu v. Carey International, Inc.*, 2003 WL 25586749, at \*17–18 (S.D. Fla. July 21, 2003) (concluding that the notice should reflect a three-year period from the date that the notice was sent).

Fourth, the Notice does not warn potential class members of their obligations to pay attorney's fees and costs in the event they are unsuccessful in their claims. There are circumstances under which plaintiffs in an FLSA case may be required to pay the defendant's attorney's fees. *See Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998). Accordingly, the Notice should include language regarding potential liability for attorney's fees and costs if the class members are unsuccessful. *Whitaker v. Kablelink Commc'ns, LLC,* No. 8:13-cv-2093-T-30MAP, 2013 WL 5919351, at \*5 (M.D. Fla. Nov. 4, 2013); *Smith v. Cable Wiring Specialist, Inc.*, No. 2:14-cv-277-FtM-29, 2014 WL 4795160, at \*3 (M.D. Fla. Sept. 25, 2014).

Fifth, the proposed Notice should include a sixty-day opt-in period, as this is consistent with other notices that have been approved in other cases. *See Stevenson,* 2013 WL 4217128 at \*3. Moreover, Plaintiffs request, but they should not be permitted, to send a "reminder" notice. "Reminder notices are unnecessary because they are redundant and could be interpreted as encouragement by the Court to join the lawsuit." *Smith,* 2014 WL 4795160, at \*3.

## CONCLUSION

Because all entertainers at Babe's are similarly situated and there is a reasonable basis for concluding that other entertainers wish to opt in to this action, the Court recommends that Plaintiffs' motion for conditional certification (Doc. 43)

be granted in part.   Because Plaintiffs have failed to satisfy all the requirements for a Rule 23 class, the court recommends that Plaintiffs' Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) and Motion for Authorization to Send Notice to the Class (Doc. 51) be denied.   The Court recommends Plaintiffs be offered the opportunity to correct the Notice consistent with this Report and Recommendation.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.     Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice to the Class (Doc. 43) be **GRANTED in part** and the Court grant conditional certification under Section 216(b) to a class of current and former entertainers who have worked at Babe's in Fort Myers, Florida over the past three years;

2.     The Reply Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) and Motion for Authorization to Send Notice to the Class (Doc. 51) be **DENIED**;

3.     Plaintiffs submit an amended proposed Notice consistent with this Report and Recommendation for the Court's consideration and approval; and

4.     Defendants produce, in an electronic readable format to Plaintiffs' counsel, a list containing the full names, stage names, job titles, last known

addresses, personal e-mail addresses, telephone numbers, dates of birth, and dates of employment for all putative class members who worked as entertainers for Defendants between three years preceding the date of the order ruling on the motion for conditional certification until present.

**DONE** and **ENTERED** in Fort Myers, Florida on this 8th day of July, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record