# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| TAMARA GOERS and ASHLEY CRISTINE MULLIGAN, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>L.A. ENTERTAINMENT GROUP, INC., a Florida corporation, and AMER SALAMEH, individually,<br><br>    Defendants. | CIVIL ACTION NO.: 2:15-cv-412-FtM-99CM |

**OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION FILED JULY 8, 2016 AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTIONS**

Plaintiffs, TAMARA GOERS and ASHLEY CRISTINE MULLIGAN, individually, and on behalf of all others similarly situated, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 72(b)(2), file their Objections to Magistrate's Report and Recommendation Filed July 8, 2016 as follows:

1. On July 8, 2015 Plaintiffs, entertainers at the Defendants' adult entertainment club, filed this action against the Defendants, alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and the minimum wage provisions of Article X, Section 23 of the Florida Constitution. (Doc. No. 1).

2. On August 24, 2015 three additional entertainers consented to opt-in to the action. (Doc. Nos. 17, 18 & 19).

3. One of the opt in plaintiffs, Shawna Dicentes, worked as a bartender in the Defendants' club. (Doc. No. 37-3).

4. Defendants requested two extensions to respond to the Complaint (Doc. Nos. 20 &23) and filed an Answer, Affirmative Defenses and Counterclaim on September 16, 2015. (Doc. No. 25).

5. Plaintiff timely filed a Reply to Defendants' Affirmative Defenses 4-9, 11, 15 and 17 (Doc. No. 31) and timely filed a Motion and Amended Motion to Strike Defendants' Affirmative Defenses 1-3, 10, 12-14, 16 and 18-20 (Doc. Nos. 30 & 32).

6. Defendants sought an extension to respond to Plaintiffs' Amended Motion to Strike (Doc. No. 36) and then responded to same on November 6, 2015. (Doc. No. 38).

7. On January 27, 2016 the Court ultimately struck Affirmative Defenses 1, 3, 16 and 20. (Doc. 53).

8. Because this matter is a FLSA case, the Court issued on September 17, 2015, a FLSA Scheduling Order. (Doc. 26).

9. The Scheduling Order set out deadlines by which the parties were to exchange information, attempt to settle the matter, inform the Court of the status of such discussions, and provide the Court with a proposed Case Management Report should the parties not be able to resolve the matter. (Doc. 26).

10. Pursuant to the Scheduling Order, the parties were required to exchange all wage-related documents before October 8, 2015, answer court interrogatories before October 29, 2015 and engage in a settlement conference before November 26, 2015. (Doc. No. 26).

11. The Scheduling Order further required the parties to inform the Court of the results of the settlement conference, and should the parties not be able to resolve the matter, file a proposed Case Management Report with the Court. (Doc. No. 26).

12. Once the proposed Case Management Report was filed with the Court, the Court was to schedule a Preliminary Pretrial Conference for the purpose of discussing "case management deadlines prior to the Court entering a case management and scheduling order." (Emphasis added). (Doc. 26).

13. The parties held a settlement conference, were not able to resolve the matter, and filed a Joint Report Regarding Settlement and a proposed Case Management Report on December 3, 2015. (Doc. Nos. 39 & 40).

14. Plaintiffs timely complied with all requirements of the Scheduling Order (Doc. Nos. 33, 37, 39 & 40).

15. On December 4, 2015, to ensure the Court was fully informed of compliance with the Scheduling Order by both parties and in anticipation of the Court scheduling a Preliminary Pretrial Conference for the purpose of establishing a Case Management and Scheduling Order in order to keep this matter moving forward, Plaintiff filed a Notice of Filing Defendant's Response to Scheduling Order Requirements because same had not previously been filed by the Defendant. (Doc. No. 41).

16. In their Response to Scheduling Order Requirements the Defendants stated they have no time records or payroll records of entertainers who worked at Babe's. (Doc. No. 41).

17. On December 30, 2015 the Court scheduled a Preliminary Pretrial Conference for February 10, 2016. (Doc. No. 48).

18. The Preliminary Pretrial Conference was subsequently cancelled by the Court (Doc. No. 54) and rescheduled for next week, July 27, 2016. (Doc. No. 62).

19. Prior to receiving notice of the initial Preliminary Pretrial Conference, on December 9, 2015, Plaintiffs filed Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice to the Class ("Motion for Class Certification") as well as a supporting memorandum of law. (Doc. Nos. 43 & 44).

20. As noted at page 8 of Plaintiffs' supporting memorandum of law, the primary purpose of seeking class certification at this point in the litigation is for the purpose of sending notice of the action to other potential class members. (Doc. 44, *citing Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001).

21. Plaintiffs' Motion for Class Certification and supporting memorandum of law specifically requested class certification of the FLSA claims and the Article X, Section 24 state law claims for the purpose of being able to provide notice to other potential class members via posting, media publication, online publication and mailing. (Doc. Nos. 43 & 44).

22. Defendants sought an extension to respond to Plaintiffs' Motion for Class Certification (Doc. No. 45) and then filed their response on December 29, 2015. (Doc. No. 47).

23. In their response, Defendants primarily argued Plaintiff could not maintain a class action on the state law claims and the authorized notice should not include reference to the state law claims. (Doc. 47).

24. Plaintiffs sought leave to file a reply to Defendants' response (Doc. 49), and in response to Defendants' arguments, Plaintiffs re-asserted their request for class certification of the state law claims and set out in detail the reasons class certification of the state law claims is appropriate. (Doc. 51).

25. In Defendants' response to Plaintiffs' Motion for Class Certification Defendants did not complain that Plaintiffs' Motion for Class Certification had been filed in December as opposed to October, nor did they allege they had in any way been prejudiced by same. (Doc. 47).

26. A review of the docket indicates Plaintiffs have not caused any delay in this matter and have been proactively pursuing this matter without case management deadlines or a case management and scheduling order.

27. Plaintiffs object to the Magistrate's Report and Recommendations of July 8, 2016 as follows:

   a. The Magistrate erred in recommending Plaintiffs' Rule 23 class action be denied as Plaintiffs and their counsel, pursuant to Fed. R. Civ. P. 23(a)(4) can fairly and adequately protect the interests of the Rule 23 class for the Article X, Section 24 state law claims.

   b. The Magistrate erred in recommending Plaintiffs' Rule 23 class action be denied as, pursuant to Fed. R. Civ. P. 23(b)(3), a class action is a superior method of adjudicating Plaintiffs' and class members' Article X, Section 24 state law claims.

   c. Although the Magistrate's report identifies various deficiencies in Plaintiffs' proposed notice, the report fails to address Plaintiffs' requested methods of providing notice to potential class members once such deficiencies are corrected.

**LEGAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTIONS**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The portions of a magistrate's report and recommendation "to which

objection is made are accorded *de novo* review." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 650 (M.D. Fla. 2015), reconsideration denied sub nom. *Roundtree v. Ross*, 8:14-CV-357-T-27AEP, 2015 WL 1931103 (M.D. Fla. 2015). In her Report and Recommendations filed July 8, 2016, Magistrate Mirando recommends that the Court "grant conditional certification under 216(b) to a class of current and former entertainers who have worked at Babe's in Fort Myers, Florida over the past three years." (Doc. 63). Plaintiffs do not take issue with such recommendation by the Magistrate. Magistrate Mirando also recommends that Plaintiffs submit an amended proposed Notice consistent with her Report and Recommendations for the Court's review and approval. (Doc. 63). Plaintiffs do not take issue with the corrections suggested by Magistrate Mirando or that, once amended, the Notice be reviewed and approved by the Court. Magistrate Mirando, however, recommends the Court deny Plaintiffs' request for a Rule 23 class action as to Plaintiffs' Article X, Section 24 state law claims be denied, and it is this portion of Magistrate Mirando's Report and Recommendations to which Plaintiffs object.  Specifically, Plaintiffs object to two recommendations in Magistrate Mirando's Report and Recommendation regarding the denial of a Rule 23 class action. First, Plaintiffs object to Magistrate Mirando's findings that Plaintiffs and their counsel cannot adequately represent such class. Secondly, Plaintiffs object to Magistrate Mirando's determination that a class action is not the superior method of adjudicating Plaintiffs' Article X, Section 24 state law claims. Finally, Plaintiffs object to Magistrate Mirando's Report and Recommendations because it does not address Plaintiffs' requested methods of providing notice to potential class members. (Doc. 63).

**I.     PLAINTIFFS AND PLAINTIFFS' COUNSEL CAN ADEQUATELY REPRESENT A RULE 23 CLASS FOR PLAINTIFFS' ARTICLE X, SECTION 24 STATE LAW CLAIMS.**

"[T]he representative party in a class action must adequately protect the interests of those [s]he purports to represent." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). "Adequacy of representation" means the class representative has common interests with the putative class members and will vigorously prosecute the interests of the putative class members. *Piazza v. Ebsco Inds., Inc.,* 273 F.3d 1341, 1346 (11th Cir. 2001). The "adequacy of representation analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug*, at 1189. The existence of minor conflicts will not defeat a party's claim for class certification; such conflict must be "fundamental" to the specific issues in the controversy. *Id*. The Court must also consider the competency of class counsel. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997).

Magistrate Mirando determined she had no evidence from which she could determine the competency and conflicts of class counsel. (Doc. No. 63). She also noted concern that Plaintiffs' Motion for Class Certification was not filed within ninety (90) days of the filing of the Complaint as required by Local Rule 4.04(a) without having requested an extension. (Doc. No. 63). Plaintiffs have filed Declarations of Plaintiffs' counsel, John B. Gallagher and Jack C. Morgan. (Doc. Nos. 64 & 65). The declarations set out that proposed class counsel have been involved in the practice of civil litigation thirty-seven years and nineteen years respectively, and cumulatively fifty-six years. (Doc. Nos. 64 & 65). Class counsel has represented, or currently represents, entertainers and employees in fourteen wage and hour class action lawsuits in State and Federal courts in Florida. (Doc. Nos. 64 & 65). Additionally, class counsel represent entertainers in multiple wage and hour arbitration actions. (Doc. Nos. 64 & 65).

"At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Local Rule 4.04 places the onus on plaintiff's counsel to seek class certification within ninety days following the filing of the complaint. M.D. Fla. 4.04(a). A Plaintiff may be excused from missing a deadline and be permitted to file a motion for class certification. *Blake v. Enhanced Recovery Co., LLC*, No. 3:10-CV-1178-J-37JBT, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011). When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1) and *Blake* at *1. Federal Rule 6(b)(1)(B) "requires a showing of 'excusable neglect' for an extension of a passed deadline." *Blake*, at *1 citing *Auto–Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009). Whether a party has engaged in excusable neglect requires an analysis of a four-factor test: 'the danger of prejudice to the non-movant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' *Blake*, at *1, citing *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 997–98 (11th Cir.1997) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

In the present matter the delay in filing Plaintiffs' Motion for Class Certification is the result of excusable neglect. A response to the Complaint was not filed until September 16, 2015. (Doc. 25). The following day a Scheduling Order was issued setting out a schedule for the parties to follow and further setting out, that should the parties not be able to resolve the matter after an

exchange of information, a preliminary pretrial conference would be scheduled wherein case management deadlines would be discussed and set out in a Case Management and Scheduling Order. (Doc.26). Although a preliminary pretrial conference was initially scheduled, it did not occur and a Case Management and Scheduling Order has not yet been executed. Counsel for the parties do not yet have a Case Management and Scheduling Order to follow.

Defendants were not prejudiced by the delayed filing of Plaintiffs' Motion for Class Certification and such delay caused no impact on these judicial proceedings. First and foremost, Defendants did not assert in their response, and to date have not asserted, having been prejudiced by the delayed filing. (Doc. No.47). The pleadings in this matter were not closed until more than a month after Plaintiffs' motion was filed. (Doc. No. 53). Plaintiffs have proactively prosecuted this matter, and the parties were not prohibited by the delay from engaging in discovery, settlement discussions or mediation. (Doc. Nos. 37, 39, 40, 41 & 56). Because the delay was short, the parties were not prejudiced and the judicial proceedings were not impacted the Magistrate should have recommended the "adequacy" element had been satisfied.

## II. A RULE 23 CLASS ACTION IS A SUPERIOR METHOD FOR ADJUDICATING PLAINTIFFS' ARTICLE X, SECTION 24 STATE LAW CLAIMS.

In determining whether a class action is a superior method by which to fairly and efficiently adjudicate a claim the Court should consider the following: (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3). The "very core of the class action mechanism is to overcome the problem that small recoveries do not provide incentive for any individual to bring a solo action prosecuting his or

her rights." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997). Moreover, when a court determines that issues common to all class members predominate over individual issues, it follows that "a class action will likely be more manageable than, and superior to, individual actions." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1358 (11th Cir. 2009).

The Defendants contend a class action is not a superior method to fairly and efficiently adjudicate this claim because certification of the FLSA collective action and a Rule 23 class action are not compatible given their differences in terms of Plaintiffs opting into the collective action and Plaintiffs being required to opt out of the class action. (Doc. No. 59). Defendants base this argument on two local decisions; *Nadreau v. Lush Cosmetics NY, LLC*, 2012 WL 3852231 (M.D.Fla. 2012) decided by this Court in 2012, and *Calderone v. Scott*, 2015 WL 4395623 (M.D.Fla. 2015) decided by Judge Steele in 2015. However, Judge Steele, in a subsequent decision in the *Calderone* case, acknowledged that the 11th Circuit was likely to reverse his decision in the *Calderone* matter and rule with its "sister" circuits that certification of a FLSA collective action and Rule 23 class action may be permitted. *Calderone v. Scott*, 2:14-CV-519-FTM-29CM, 2016 WL 2586658, at *4 (M.D. Fla. 2016). All of the Circuit Courts to have recently decided this issue have determined that certification of a collective action under the FLSA and a class action under Rule 23 is not incompatible. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 258 (3d Cir. 2012); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 247–49 (2d Cir. 2011); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 976–79 (7th Cir. 2011); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 760 (9th Cir. 2010), vacated on other grounds, 132 S. Ct. 74 (2011); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006). Furthermore, the U.S. Supreme Court recently reviewed a matter, and as part of their review,

analyzed the certification of a FLSA action and a Rule 23 action and did not find certification of both to be incompatible. *Tyson Foods v. Bouaphakeo*, 136 S.Ct. 381, 193 L.Ed.2d 288 (2016). While the issue before the Supreme Court related to the sufficiency of evidence presented at trial, the Court clearly considered and analyzed the compatibility of a collective action and a Rule 23 class action. *Tyson*, at 1042-43. The Supreme Court explained the dual classes plead in *Tyson* in substantive detail:

> Respondents sought certification of their Iowa law claims as a class action under Rule 23 of the Federal Rules of Civil Procedure. Rule 23 permits one or more individuals to sue as "representative parties on behalf of all the members" of a class if certain preconditions are met. Fed. Rule Civ. Proc. 23(a). Respondents also sought certification of their federal claims as a "collective action" under 29 U.S.C. § 216. Section 216 is a provision of the FLSA that permits employees to sue on behalf of "themselves and other employees similarly situated." § 216(b).
>
> …
>
> The only difference between the classes was the date at which the class period began. The size of the class certified under Rule 23, however, was larger than that certified under § 216. This is because, while a class under Rule 23 includes all unnamed members who fall within the class definition, the "sole consequence of the conditional certification [under § 216] is the sending of court-approved written notice to employees… who in turn become parties to a collective action only by filing written consent with the court" *Genesis Healthcare Corp. v Symczyk,* 569 U.S. _____, 133 S.Ct. 1523, 1530, 185 L.Ed. 2nd 636 (2013). A total of 444 employees joined the collective action, while the Rule 23 class contained 3,344 members.
>
> …
>
> Petitioner challenges the class certification of the state-law claims and the certification of the FLSA collective action.

*Id. at* 1042, 1043, and 1045.

The *Nadreau* and *Calderone* decisions are not binding on this Court, and Judge Steele, who authored the *Calderone* decision, has acknowledged that the 11th Circuit will likely reverse his decision and determine collective actions and Rule 23 class actions are compatible and can be

maintained in the same action. The overwhelming majority of case law from the other Circuits has found the collective action and the class action to be compatible. The Supreme Court reviewed and discussed the issue and did not disapprove of the two being brought in the same action. Based on the foregoing the Magistrate should have recommended the two are compatible and therefore, that a class action is the superior method in fairly and efficiently adjudicating Plaintiffs' state law claims.

### III. THE MAGISTRATE DID NOT ADDRESS PLAINTIFFS' REQUESTED METHODS OF PROVIDING NOTICE TO POTENTIAL CLASS MEMBERS.

In their Motion for Class Certification Plaintiffs requested various methods by which to notify potential class members of the pending FLSA claims. (Doc. 43). The primary reason Plaintiffs requested publication of the notice by multiple methods is due to the Defendants' assertions they have no time records or payroll records of entertainers who work, or have worked, at their club. (Doc. No. 41). Plaintiffs requested that Defendants be required to post notice of same in its establishment for the current employees to review. (Doc. 43). Plaintiffs requested they be permitted to publish the notice in local media of their choosing. (Doc. 43). Plaintiffs also requested to publish notice of the claims on Plaintiffs' counsel's website. (Doc. 43). Finally, Plaintiffs requested to mail notice to entertainers who have obtained or held Lee County Adult Entertainer licenses during the three (3) years preceding the filing of this lawsuit. (Doc. 43). While the Defendants should be ordered to produce information they have of their current and past entertainers, it is not anticipated such requirement will produce the names and addresses of many entertainers as they claim to have no paperwork for current and past entertainers in their establishment.

The Magistrate's Report notes certain deficiencies in the Notice proposed by Plaintiffs and offers Plaintiffs an opportunity to cure such defects. Plaintiffs do not disagree with the

Magistrate's noted deficiencies and would like the opportunity to cure the defects and publish the amended and approved notice as requested in Plaintiffs' Motion for Class Certification. However, the Magistrate's Report does not address whether, or by which methods, Plaintiffs may publish the Notice once amended and approved by the Court. Plaintiffs request that they be permitted to cure the proposed Notice in accordance with the Magistrate's Report and then, given the deficiencies in the Defendants' documentation, publish the amended and approved Notice in the manners set forth above and in Plaintiffs' Motion for Class Certification.

Wherefore, Plaintiffs object to the Magistrate's Report and Recommendations of July 8, 2016 and request that the Court review *de novo* the Magistrate's Report and Recommendations and execute an order:

1. Finding that Plaintiffs and Plaintiffs' counsel can adequately represent the Rule 23 class in this matter.

2. Finding a Rule 23 class action is the superior method to fairly and efficiently adjudicate Plaintiffs Article X, Section 24 state law claims in this matter.

3. Granting Plaintiffs' Motion for Class Certification of Plaintiffs' Article X, Section 24 state law claims and conditionally certifying the class action on behalf of "all current or former entertainers who worked for L.A. Entertainment Group, Inc. d/b/a Babes at any time during the five (5) years preceding the filing of the Complaint in this action.

4. Should the Court decide not to certify a Rule 23 class action on Plaintiffs' Article X, Section 24 state law claims, Plaintiffs alternatively request that the Court decline to exercise supplemental jurisdiction over Plaintiffs' Article X, Section 24

        state law claims with leave to file such claims in a Florida state court as permitted by 28 U.S.C. § 1367(d).

5. Permitting Plaintiffs to amend the proposed Notice in accordance with Magistrate Mirando's Report and Recommendations and submit same to the Court for review and approval.

6. Authorizing Plaintiffs' counsel to publish copies of the amended and approved Notice in printed media of its choosing.

7. Authorizing Plaintiffs' counsel to publish the amended and approved Notice on the website of class counsel, John B. Gallagher (EntertainersHaveRights.com) at no cost to the Defendants, and additionally on any websites maintained by a Court approved Claims Administrator, if any, for this matter.

8. Authorizing Plaintiffs' counsel to send, via First Class United States Mail, the amended and approved Notice, Consent to Become a Party Plaintiff (attached as Exhibit B to Plaintiffs' Motion for Class Certification), and Information Sheet (attached to Plaintiffs' Motion for Class Certification as Exhibit C) to the following:

    a. All Class Members identified by Defendants;

    b. All entertainers who obtained or held a Lee County Adult Entertainment License on or after July 8, 2012.

    c. All Class Members who contact Plaintiff's counsel as a result of the publication of the amended and approved Notice.

9. Approving the recommendations of Magistrate Mirando not specifically objected to herein.

Respectfully submitted,

| | |
|---|---|
| /s/ Jack C. Morgan III | /s/ John B. Gallagher |
| Jack Morgan, Esquire | John B. Gallagher, Esquire |
| FL Bar No. 126527 | FL Bar No. 271225 |
| 2320 First Street, Suite 1000 | 2631 East Oakland Park Boulevard, Suite 201 |
| Fort Myers, Florida 33901 | Fort Lauderdale, Florida 33306 |
| Tel: 239.338.4218 | Tel: 954.524.1888 |
| Fax: 239.337.3850 | Fax: 954.524.1887 |
| E-mail: jmorgan@ralaw.com | E-mail: gal2701@aol.com |

*ATTORNEYS IN CHARGE FOR PLAINTIFFS &*
*COLLECTIVE ACTION MEMBERS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Jack C. Morgan III, Esq.
Jack C. Morgan III, Esq.