UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMERA GOERS and ASHLEY
CRISTINE MULLIGAN, individually, and
on behalf of all others similarly situated

      Plaintiffs,

v.                                          Case No:   2:15-cv-412-FtM-99CM

L.A. ENTERTAINMENT GROUP,
INC. and AMER SALAMEH,

      Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on consideration of the Honorable Carol Mirando's Report and Recommendation (Doc. #63) filed on July 8, 2016. Judge Mirando recommends that (i) Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice to the Class (Doc. #43) be granted in part; (ii) that the Court grant conditional certification of a collective action under 29 U.S.C. § 216(b) to a class of current and former entertainers who have worked at Defendants' adult entertainment cabaret ("Babe's") over the past three (3) years; (iii) that Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C 216(b) and Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) and Motion for Authorization to Send Notice to the Class ("Reply

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Motion") (Doc. #51) be denied; (iv) that Plaintiffs should submit an amended proposed notice for putative collective action members consistent with the Report and Recommendation; and (v) that Defendants should produce a list containing the full names and pertinent information of all entertainers that have worked for Babe's during the last three (3) years.  Thereafter, Plaintiffs filed their Objections to the Report and Recommendation (Doc. #66) on July 22, 2016.  This matter is ripe for review.

## BACKGROUND

This is a wage and hour suit under the Fair Labor Standards Act ("FLSA"), and Article X, Section 24 of the Florida Constitution.  Plaintiffs are entertainers that have worked at Babe's, where they allege that they received tips from patrons as their sole compensation.  (Doc. #1, ¶ 3).  Plaintiffs further allege that their employment statuses have been deliberately misclassified, allowing Defendants to avoid minimum wage and overtime requirements, and that they were forced to share tips with coworkers, such as disc jockeys, managers, and bouncers.  (Doc. #1, ¶¶ 2, 3, 27).  Regarding their FLSA claims, Plaintiffs seek conditional certification as a collective action pursuant to 29 U.S.C. § 216(b), and request the Court facilitate notice to potential Plaintiffs.  (Doc. #43, ¶ 8).  As to their Article X, Section 24 claim, Plaintiffs seek certification as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  (Doc. #51, 4).

## LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); *see also United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. So. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness. *See Powell*, 628 F.3d at 1256-58.

## DISCUSSION

Plaintiffs object to several conclusions of the Report and Recommendation. Specifically, Plaintiffs' counsel argues that they are capable of adequately representing the interests of the putative class pursuant to Federal Rule of Civil Procedure 23(b)(3); that the superiority interests of Rule 23(b)(3) are satisfied by adjudicating Plaintiffs' state law claims in a class action concurrently with their FLSA claims; and that the Report and Recommendation does not address whether, or by which methods, Plaintiffs may publish a notice once amended and approved by the Court. Having reviewed the underlying record, the parties' arguments, and applicable law, the Court finds that the Report and Recommendation will be adopted to the extent stated herein.

**1. How this Action Should Proceed Toward Adjudication**

Federal Rule of Civil Procedure 23(b)(3) exists to determine the propriety of bringing a matter as a class action, and requires that such an action be superior to other methods for adjudication of a controversy. Fed. R. Civ. P. 26(b)(3); *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,* 601 F.3d 1159, 1184 (11th Cir. 2010). Courts throughout the country have examined this requirement, often reaching conflicting

conclusions in the context of bringing Rule 23 class action suits concurrently with collective actions brought pursuant to 29 U.S.C. § 216(b). This conflict exists because Rule 23 provides for a class action mechanism that automatically incorporates members of the putative class, forcing unwilling participants to opt out; while conversely, the FLSA does not automatically incorporate members of the putative class, and requires desiring participants to opt in. *LaChapelle v. Owens-Illinois*, Inc., 513 F. 2d 286, 289 (5th. Cir. 1975).

Two recently decided cases from district courts in the Eleventh Circuit have determined that collective action suits brought pursuant to 29 U.S.C § 216(b) are capable of traveling together with state minimum class action claims brought under Rule 23. *See Kubiak v. S.W. Cowboy, Inc.*, No. 312-CV-1306-J-34JRK, 2014 WL 2625181, at *1 n.4 (M.D. Fla. June 12, 2014); *Espinoza v. Galardi S. Enterprises, Inc.*, No. 14-21244-CIV, 2016 WL 127586, at *1 (S.D. Fla. Jan. 11, 2016). Others, including this Court, have determined that such an action is impermissible. *See Calderone v. Scott*, No. 2:14-cv-519-FtM-29CM, 2015 WL 4395623, at *5 (M.D. Fla. July 19, 2015) (citing *LaChapelle*, 513 F.2d at 289); *see also Nadreau v. Lush Cosmetics NY, LLC*, No. 2:10-CV-298-FtM-99SPC, 2012 WL 3852231 (M.D. Fla. Aug. 13, 2012), report and recommendation adopted, No. 2:10-CV-00298-FtM, 2012 WL 3853443 (M.D. Fla. Sept. 5, 2012).

Here, Plaintiffs urge the Court to sustain their objection and follow the chorus of other courts that have determined it is permissible to certify both a collective action under the FLSA and a class action under Rule 23. In support, Plaintiffs argue that the Supreme Court has recently provided guidance on the issue in *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036 (2016).

4

In *Tyson Foods*, a district court in the Northern District of Iowa certified dual classes stemming from FLSA claims brought under 29 U.S.C. § 216(b), and state wage claims under Rule 23.  *Tyson Foods*, 136 S. Ct. at 1041, 1043.  Based upon an objection and appeal from the defendant, who argued that the plaintiffs' claims were not sufficiently similar, the matter eventually appeared before the Supreme Court. *Id.* at 1041.  In ruling on the issue, the Supreme Court addressed both Rule 23 and Section 216(b), but tactfully limited its decision to the predominance requirement of Rule 23(b)(3).  *Id.* at 1043.  That much was highlighted when the Court stated,

> The parties do not dispute that the standard for certifying a collective action under the FLSA is no more stringent than the standard for certifying a class under the Federal Rules of Civil Procedure.  This opinion assumes, without deciding, that this is correct.  For purposes of this case then, if certification of respondents' class action under the Federal Rules was proper, certification of the collective action was proper as well.

*Id.* at 1045.

Like *Tyson Foods*, this case also involves a Plaintiff that has moved to certify dueling classes.  *Tyson Foods*, 136 S. Ct. at 1043.  But the similarity stops there.  The Court is not convinced that dicta in *Tyson* that merely addresses case-specific facts underlying class certification is enough to make these cases truly similar.

That said, a similar case does exist. In *Calderone* the district court was called to decide whether a plaintiff could conditionally certify an FLSA collective action pursuant to 29 U.S.C. § 216(b), as well as certify Florida wage claims brought pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. *Calderone*, 2015 WL 4395623, at *1. Channeling *Lachapelle*,[2] where the court held that FMWA class actions and FLSA collective actions

---

[2] Notably, the Eleventh Circuit has not repudiated *LaChappelle*, which remains binding precedent on this Court pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

5

were "mutually exclusive and irreconcilable," *Calderone* held that "an FMWA class action is not superior to other available methods for adjudication" where there are overlapping FLSA and FMWA claims. *Id.*, at *5.

This case is akin to *Caldarone*. Both involve the same causes of action and the same underlying considerations. As a result, the Court is faced with the same circumstances, where, if the Court would allow dual certification to proceed, a likelihood of confusion would present itself to the layman seeking to have his claims administered.

Nevertheless, Plaintiffs attempt to undermine the Court's reliance on *Calderone* by arguing that the Honorable John E. Steele, who authored that decision, later weighed in that the Eleventh Circuit was one day likely to reverse course and "follow its sister circuits in permitting state law wage claims to proceed under Rule 23, together with FLSA claims under the opt-in procedure of the FLSA." *Calderone v. Scott*, No. 2:14-CV-519-FTM-29CM, 2016 WL 2586658, at *2 (M.D. Fla. May 5, 2016). That day has not yet come. Absent binding authority to the contrary, and in consideration of the inherent differences between a Rule 23 class action and the procedures provided for under the FLSA, the Court echoes both *Calderone* and *LaChapelle,* and holds that Plaintiffs' overlapping FLSA and state minimum wage actions are "mutually exclusive and irreconcilable." *LaChapelle,* 513 F.2d at 289. As such, the Court denies Plaintiffs' request for Rule 23 certification.[3]

---

[3] Plaintiffs also raise an objection as to the Report and Recommendation's finding that Plaintiffs' counsel is inadequate to represent the interests of a Rule 23 class. Because the Court holds that overlapping FLSA and state minimum wage claims are mutually exclusive and irreconcilable, the issue of the ability to maintain a Rule 23 class action is moot, and the Court need not address the issue of counsel's adequacy.

   **2. Plaintiffs' Requested Methods of Providing Notice to Potential Class Members**

Plaintiffs also argue that the Report and Recommendation does not address whether, or by which methods, Plaintiffs may publish notice to the class once the notice is amended and accepted by the Court.  (Doc. #66, 12).  As stated, a person is not a member of an FLSA "collective action" unless that person files written consent "opting in" to the lawsuit.  29 U.S.C. § 216(b).  Upon a finding that other, similarly situated employees desire to opt in, "the Court will be empowered to supervise notice to these potential plaintiffs of their ability to 'opt in.'"  *Franco v. Bank of Am. Corp.*, 691 F. Supp. 2d 1324, 1326 (M.D. Fla. 2010) (citing *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir.1991)).

The Court is satisfied that there are other similarly situated persons who wish to opt in for a collective action on Plaintiffs FLSA claims.  That said, the Court agrees with the Report and Recommendation and adopts the recommendations contained therein, which were not objected to by Plaintiffs.  At this time there is no need to issue additional guidance regarding Plaintiffs' notice to potential FLSA action members.  Plaintiffs are directed to submit an Amended Proposed Notice, at which time the Court will evaluate its efficacy.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation of United States Magistrate Judge Carol Mirando (Doc. #63) is **ACCEPTED and ADOPTED** to the extent stated herein.
    a. Plaintiffs' Motion for Conditional Class Certification and Authorization to Send Notice to the Class (Doc. #43) is **GRANTED in part**, Plaintiffs are

      granted conditional certification under 29 U.S.C. § 216(b) consisting of a class of current and former entertainers that have worked for Babe's in Fort Myers, Florida over the past three years.

    b. Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) and Motion for Authorization to Send Notice to the Class (Doc. #51) is **DENIED**.

2. Plaintiffs must file an amended proposed Notice consistent with this Order, and Judge Mirando's Report and Recommendation, for the Court's consideration and approval **on or before September 19, 2016**.

3. **On or before September 5, 2016**, Defendants will produce, in an electronic readable format to Plaintiffs' counsel, a list containing the full names, stage names, job titles, last known addresses, personal email addresses, telephone numbers, dates of birth, and dates of employment for all putative class members who worked as entertainers for Defendants during the three years preceding the date of compliance.

    **DONE** and **ORDERED** in Fort Myers, Florida this 25th day of August, 2016.

*/s/ Sheri Polster Chappell*<br>
SHERI POLSTER CHAPPELL<br>
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record