UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMERA GOERS and ASHLEY
CRISTINE MULLIGAN, individually, and
on behalf of all others similarly situated

       Plaintiffs,

v.                                                                                     Case No:   2:15-cv-412-FtM-99CM

L.A. ENTERTAINMENT GROUP,
INC. and AMER SALAMEH,

       Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on *sua sponte* review of the Defendants' Answer, Affirmative Defenses and Counterclaim (Doc. #25).  Paragraph 10 of Defendants' Counterclaim for unjust enrichment states "[i]f Counterclaim Defendants are successful in their claims that they were employees, they will be unjustly enriched . . . . " This is problematic because "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).  Thus, Defendants Counterclaim is not ripe if it is contingent on a future event, such as a loss to Plaintiffs on their Fair Labor Standards Act collective action claim.  Notably, "[r]ipeness is a question of subject-matter

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

jurisdiction." *Reahard v. Lee County,* 978 F.2d 1212, 1213 (11th Cir. 1992). Moreover, Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Consequently, the Court will allow Defendants until December 30, 2016, to establish the ripeness of their Counterclaim, and thus, the Court's jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendants L.A. Entertainment Group, Inc. and Amer Salameh shall **SHOW CAUSE**, in writing, on or before **December 30, 2016**, as to why their Counterclaim should not be dismissed for lack of ripeness. Failure to comply with this Order may result in their Counterclaim being dismissed without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida, this 22nd day of December, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record