UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMERA GOERS and ASHLEY
CRISTINE MULLIGAN, individually, and
on behalf of all others similarly situated

      Plaintiffs,

v.                                        Case No:  2:15-cv-412-FtM-99CM

L.A. ENTERTAINMENT GROUP,
INC. and AMER SALAMEH,

      Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on review of Plaintiffs' Motion for Reconsideration of Rule 23 Class Certification (Doc. #79) filed on October 5, 2016. Defendants filed their Response in Opposition (Doc. #85) on October 24, 2016. Then, pursuant to leave granted by the Court, Plaintiffs filed their Reply (Doc. #95) on December 14, 2016. This matter is now ripe for review.

### I.     BACKGROUND

Plaintiffs are former exotic entertainers at Babe's, an adult nightclub in Fort Myers, Florida, owned and operated by the Defendants. (Doc. #1 at ¶¶ 1-33, 55-57). Plaintiffs bring an employment action based on allegations that Defendants have violated the wage and hour requirements of the Fair Labor Standards Act ("FLSA") and Article X, Section

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

24 of the Florida Constitution ("Section 24"). According to Plaintiffs, Defendants misclassified them as independent contractors to elude minimum wage and overtime requirements. (Doc. #1 at ¶ 2). Plaintiffs assert they worked more than forty (40) hours per week for Defendants, but that they were paid only in tips from patrons. (Doc. #1 at ¶ 3). Additionally, Plaintiffs allege they were also forced to share their tips with others working for Babe's. (Doc. #1 at ¶¶ 2, 3, 27).

On July 8, 2015, Plaintiffs filed their Complaint, styling it as a Class/Collective Action. (Doc. #1). Substantively, Plaintiffs defined their proposed FLSA class as "all of Defendants' current and former exotic entertainers who worked at L.A. Entertainment Group, Inc. d/b/a Babes at any time during the three years before this Complaint was filed up to the present." (Doc. #1 at ¶ 122). Similarly, Plaintiffs defined their proposed Section 24 class as "[a]ll of Defendants' current and former exotic entertainers who worked at a [sic] L.A. Entertainment Group, Inc. d/b/a Babes at any time during the five (5) years before this Complaint was filed up to the present." (Doc. #1 at ¶ 129). Importantly, Plaintiffs pursued their FLSA claim as a collective action under 29 U.S.C. § 216(b), and their Section 24 claim as a class action under Federal Rule of Civil Procedure 23.

Five months later, on December 9, 2015, Plaintiffs moved for conditional class certification of their FLSA claim. (Docs. #43, #44). In doing so, they made alterations to their proposed class definitions. For their FLSA claim, Plaintiffs proposed a class of "all current or former entertainers and bartenders who worked for L.A. Entertainment Group, Inc. d/b/a Babes at any time on [sic] after July 8, 2010 through and including the date of entry of judgment in this case." (Doc. #43 at ¶ 9). Regarding their Section 24 claim, Plaintiffs proposed class definition was "all current or former entertainers and bartenders

who worked for L.A. Entertainment Group, Inc. d/b/a Babes at any time on [sic] after July 8, 2012 through and including the date of entry of judgment in this case." (Doc. #43 at ¶ 8). Notably, although Plaintiffs altered the proposed definition of their putative Section 24 class, they did not substantively advocate for certification of same pursuant to Rule 23.

Defendants then responded in opposition, (Doc. #47), to which Plaintiffs filed a Reply on January 11, 2016. (Doc. #51). Notably, in their Reply, Plaintiffs also moved to certify their Section 24 claim, and for Court approval of a proposed notice to the putative class associated with same. (Doc. #51). Plaintiffs additionally used their Reply to change their proposed class definitions for a third time. As to their FLSA claim, they proposed to represent "all current or former entertainers and massage girls who worked for L.A. Entertainment Group, Inc. d/b/a Babe's at any time on [sic] after July 8, 2012 through and including the date of entry of judgment in this case[.]" (Doc. #51 at 11). As to their Section 24 claim, they proposed a class consisting of "all current or former entertainers and massage girls who worked for L.A. Entertainment Group, Inc. d/b/a Babe's at any time on [sic] after July 8, 2010 through and including the date of entry of judgment in this case[.]" (Doc. #51 at 11).

Because Plaintiffs' Reply included a separate motion, Defendants responded in opposition. (Doc. #52). With leave of court, Defendants also submitted supplemental briefing on the issue of class certification. (Doc. #59). Plaintiffs then responded in opposition. (Doc. #60).

On July 8, 2016, United States Magistrate Judge Carol Mirando issued a Report and Recommendation on Plaintiffs' Motion for Class Certification. (Doc. #63). She recommended denying certification of Plaintiffs' Section 24 claim as a Rule 23 class,

because the proposed class definition was not adequately defined, and because Plaintiffs' counsel was inadequate to represent the class. (Doc. #63 at 19-22). The Report and Recommendation also opined against certifying the class because, pursuant to *Calderone v. Scott*, No. 2:14-CV-519-FTM-29CM, 2015 WL 4395623 (M.D. Fla. July 16, 2015), *rev'd and remanded*, 838 F.3d 1101 (11th Cir. 2016), Plaintiffs' FLSA collective action and Section 24 class action were mutually exclusive. (Doc. #63 at 23-28).

Plaintiffs' attorneys then objected to the Report and Recommendation, arguing they were adequate to litigate the Section 24 claim in a Rule 23 class format, and that the concurrent maintenance of class and collective actions was proper. (Doc. #66). Plaintiffs' attorneys, John B. Gallagher and Jack C. Morgan III, also filed declarations detailing their professional experience. (Docs. #64, #65).

After review of the record, the Court accepted and adopted the Report and Recommendation. (Doc. #72). The Court denied class certification of Plaintiffs' Section 24 claim and followed *Calderone* to hold that Rule 23(b)(3) superiority interests were not served by concurrent maintenance of a Rule 23 class action and an FLSA collective action. (Doc. #72 at 6).[2] Notably, because the Court found that the lack of superiority was dispositive as to certification, it did not render an opinion as to counsels' adequacy.

From there, Plaintiffs moved the Court to dismiss their Section 24 claim so they could pursue a class action in state court. (Doc. #73 at 1-4). Shortly thereafter, but prior to any decision from the Court on Plaintiffs' Motion to Dismiss, the Eleventh Circuit reversed *Calderone*, holding that an FLSA collective action may be maintained concurrently with a Rule 23 class action. *Calderone v. Scott*, 838 F.3d 1101, 1104 (11th

---

[2] At the time the Court rendered its opinion, *Calderone* was pending before the Eleventh Circuit.

4

Cir. 2016). Subsequently, Plaintiffs moved to withdraw the earlier Motion to Dismiss their Section 24 claim, (Doc. #78), and filed the instant Motion for Reconsideration (Doc. #79).

## II.   DISCUSSION

The Court's previous Order (Doc. #72) denied class certification because it followed then-standing guidance against the concurrent maintenance of a Rule 23 class action and an FLSA collective action.  Now, in light of the Eleventh Circuit's reversal in *Calderone*, Plaintiffs move for reconsideration, and the Court will do so. Therefore, against this backdrop, the two issues that were previously presented for the Court to consider regarding certification were the Rule 23 interests of superiority and adequacy. Thus, although the Court may reconsider its Order in light of the change in controlling law, reversal, and therefore certification, requires both interests be met.

### 1. RULE 60(b)

Procedurally, Plaintiffs ground their Motion in Federal Rule of Civil Procedure 60(b)(6), which states "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Notably, Rule 60(b) motions may only relieve parties of judgments, orders, and proceedings that are final.  See *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala.*, 920 F.2d 788, 791 (11th Cir. 1991);   *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2852 (2015).  The relevant inquiry for the applicability of Rule 60(b) then, is whether a denial of class certification is a final order.  The Supreme Court has held that it is not.  See *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 336 (1980). Therefore, Plaintiffs cannot obtain relief pursuant to Rule 60(b).

## 2. RULE 54(b)

Though Rule 60(b) does not provide an avenue for reconsideration, the District Court may still reconsider its prior decisions pursuant to Rule 54(b). That Rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment . . . ." Fed. R. Civ. P. 54(b).

That said, "[r]econsideration of a court's previous order is an extraordinary remedy, and thus, is a power [that] should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1339 (M.D. Fla. 2003)). This power is normally limited to circumstances where there is: "(1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). Therefore, given *Calderone*'s reversal, the Court's prior Order may be reconsidered.

### A. SUPERIORITY

Pursuant to Rule 23(b)(3), for a class to be certified, a class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." "The focus of this analysis is on the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1183–84 (11th Cir. 2010) (internal quotations omitted).

The Court's prior Order (Doc. #72) hinged on this requirement, relying on *Calderone* to deny class certification because it found that a class action was not a superior method to adjudicate Plaintiffs' Section 24 claim alongside an FLSA collective action.  Nonetheless, the Eleventh Circuit's reversal of *Calderone* has obviated those concerns.  As a result, the Court will now consider the substance of Plaintiffs' superiority argument.  Plaintiffs represent that class adjudication of this matter is superior because (1) the issues in this matter are common; (2) there are more than 100 possible members of the putative Section 24 class, and (3) that individual class members would be disincentivized from bringing their own claims because they would likely incur more expenses in litigation than they would gain upon recovery.  As Defendants do not meaningfully dispute these arguments, the Court finds that Plaintiffs have satisfied the superiority interests of Rule 23(b)(3).

### B. ADEQUACY

While the Court's finding of superiority removes one impediment to class certification, reconsideration of the court's denial of same must also turn on an adequacy determination.  "The burden of proof to establish the propriety of class certification rests with the advocate of the class."  *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003).  The necessary inverse of this rule is that the Plaintiffs are not entitled to any presumption of adequacy.

Rule 23(a)(4) requires that counsel be able to "fairly and adequately" protect the interests of the class.  Fed. R. Civ. P. 23(a)(4).  Accordingly, an adequacy determination turns on "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately

prosecute the action." *Busby*, 513 F.3d at 1323 (citing *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F. 3d 1181, 1189 (11th Cir. 2003)).

Notably, the adequacy requirement pertains both to class representatives and counsel. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n. 13 (1982); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997); *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 696 (N.D. Fla. 2006). Rule 23(g) provides a framework to "guide the court in assessing proposed class counsel as part of the certification decision." Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment. When assessing proposed class counsel, the Court "must consider":

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also Martin v. Blessing*, 134 S. Ct. 402, 402 (2013); *Young v. Magnequench Int'l, Inc.*, 188 F.R.D. 504, 508 (S.D. Ind. 1999) ("In addition to an attorney's experience in prior litigations, the court may also examine the attorney's conduct in the putative class action before the court."); *Kingsepp v. Wesleyan Univ.,* 142 F.R.D. 597 (S.D.N.Y.1992) (court denied certification based, in part, on inadequacies within briefs).

The Court's interest in deciphering counsels' adequacy is rooted in the desire to assure due process of law to the unnamed class members. *See Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 801 (1996); *see Greenfield v. Villager Indus., Inc.*, 483 F.2d 824,

832 (3d Cir. 1973) ("class action counsel possess, in a very real sense, fiduciary obligations to those not before the court."). To that end, numerous courts have found that a party's "failure to move to certify with alacrity undermines confidence in the zeal with which [they] would represent the interests of absent class members." *Rattray v. Woodbury Cty., IA*, 614 F.3d 831, 836 (8th Cir. 2010) (citing *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977) ("failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those class members might expect to receive."); *see also Monroe v. City of Charlottesville,* 579 F.3d 380, 385 (4th Cir.2009), *cert. denied,* 559 U.S. 992 (2010); *Jones*, 243 F.R.D. at 696.

i.   **RULE 23(g)(1)(a)(ii)**

Rule 23(g)(1)(a)(ii) states that a Court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Attempting to satisfy these concerns, Plaintiffs' attorneys have submitted declarations detailing their class experience. (Docs. #64, #65). Upon review, Plaintiffs' attorneys state that they have "significant experience" in litigating wage and hour class and collective actions. However, the cases they provide as evidence of that experience call those statements into question. (Docs. #64 at 2, #65 at 2). To the point, while the declarations list a number of other matters that Plaintiffs' attorneys have undertaken, none have successfully achieved class certification, and only one of Plaintiffs' attorneys can claim that he has prevailed in a class format.[3] From the Court's review, all other matters

---

[3] Even the cited case - *Encarnacion et. al. v. J.W. Lee, Inc. et. al.*, Case No. 14-CV-61927 (S.D. Fla.) – fails to substantially prove that the interests of adequacy are met here, as the facts in *Encarnacion* are distinguishable from those at hand.  There, attorney John B. Gallagher was *defense* counsel and, while serving with others, allowed a class to be provisionally certified for settlement purposes, rather than for

9

are either so new that counsel has yet to move for class certification, or they have been stayed or dismissed.[4] (Docs. #64, #65). Interestingly, these cases also all seem to be filed within the last two years.

And, while Plaintiffs' attorneys also declare that they have long-standing histories of practice in civil litigation, they do not detail if that experience was in wage and hour claims or any other pertinent field. As such, the Court is left to ponder if counsels' accrued experience is relevant in any way to the matter at hand. That the Court is forced to consider this possibility indicates that Plaintiffs have failed to sufficiently support their experiential declarations.

Moreover, even if Plaintiffs' attorneys had apposite non-class experience, Rule 23(g)(1)(a)(ii) explicitly dictates that those experiences are not the polestar of an adequacy determination. A plain reading of the Rule reveals that it is, at best, a counterweight to a lack of class experience. With this in mind, because Plaintiffs' attorneys lack class experience, and have not alleged that they have relevant litigation experience in non-class matters, the Court is unpersuaded by Plaintiffs' declarations.

### ii.  RULE 23(g)(1)(a)(iii)

Rule 23(g)(1)(a)(iii) also requires the Court to determine counsel's knowledge of the applicable law when deciding on the adequacy of class counsel. In this vein, at times throughout the litigation of this matter, counsel has seemed to fail to grasp the concepts underlying the maintenance of a Rule 23 class action. First, Plaintiffs failed to move for

---

litigation. Nevertheless, here, counsel seeks to represent *plaintiffs-side* interests in class certification for the purposes of litigation.

[4] Defendants highlight that Jack C. Morgan III misrepresents his experience in his declaration by stating that he was defense counsel in a "local class action." That case, *Mitchell v. Blu Sushi Downtown LLC*, No. 2:15-cv-731-FTM-CM (M.D. Fla.), was a collective action before the Honorable Carol Mirando, and not a class action. This misrepresentation may be either a mere scrivener's error, or a failure to show candor to the Court. Neither option is a positive factor in the instant inquiry.

class certification in a timely manner. Local Rule 4.04(b) states that a Plaintiff must move for class certification within 90 days of filing a complaint. Given that Plaintiffs filed their Complaint on July 8, 2015, they were due to file their Motion for Class Certification by October 6, 2015. (Doc. #1). Nevertheless, Plaintiffs failed to move for class certification until December 9, 2015, and even then the brunt of their effort was focused on their FLSA claim. (Doc. #43). The record then indicates that it was not until January 11, 2016 – more than three (3) months after the deadline to move for class certification – that Plaintiffs substantively moved to certify their Section 24 claim as a Rule 23 class action. (Doc. #51). Curiously, Plaintiffs further failed to support their allegations of adequacy as class counsel for seven (7) months after substantively addressing their Section 24 claim, filing their declarations on August 22, 2016. (Docs. #51, #64, #65). Contextually, this was more than 10 months after the deadline to move for class certification.

While courts have held that an untimely request for class certification is not a bar to the maintenance of a class action, it is well established that "failing to move for class certification [in a timely manner] is a direct assault on the merits of the request for class certification . . . [and demonstrates] a failure to protect the interest of class members . . . ." *Jones*, 243 F.R.D. at 696 (citing *E. Texas Motor Freight Sys. Inc.*, 431 U.S. at 405.).

Plaintiffs argue that their failure to move to certify the class on a timely basis constituted excusable neglect because an initially scheduled pretrial conference "did not occur and a Case Management and Scheduling Order ha[d] not yet been executed." (Doc. #66 at 8-9). In making this argument, Plaintiffs shift the burden of their failure to the Court. This incorrectly relies on two assumptions: first, that a Case Management and Scheduling Order would have modified the deadline imposed by the Local Rules, and

second, that their inaction was blessed by the fact that a Case Management and Scheduling Order had not yet been issued. Contrary to their argument, Local Rule 4.04(b) is clear. It states that "[w]ithin ninety (90) days following the filing of the initial complaint in such an action unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action." M.D. Fla. R. 4.04(b). Given that no extension was ever granted by the Court, even a cursory reading of the Local Rule would reveal Plaintiffs' argument to be meritless.[5]

Notably, Plaintiffs have also repeatedly referenced their aspirations of conditional certification of their Section 24 claim. (Docs. #51 at 11, #66 at 13, #79 at 5). But, conditional certification is a vehicle that cannot be employed at the instant juncture in the proposed Rule 23 class. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532, 185 L. Ed. 2d 636 (2013) ("Whatever significance "conditional certification" may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23."). While such a request could, in other circumstances, be chalked up to inartful drafting, Plaintiffs' repeated incorrect references are enough to give the Court pause as to their full understanding of the procedures associated with maintenance of a Rule 23 class action.

### iii.    RULE 23(g)(1)(a)(iv)

Rule 23(g)(1)(a)(iv) also requires the Court to determine "the resources that counsel will commit to representing [a] class" when assessing adequacy. Because class

---

[5] Plaintiffs also argue that Defendants were not prejudiced by their delay in moving for class certification, and such delay caused no impact on judicial proceedings. (Doc. #66 at 9). This argument, too, falls flat, as "[e]ven if defendants have not been prejudiced by the delay, 'the public business of the court . . . has been hampered and delayed." *Jones, 243 F.R.D. at 696*.

12

actions involve large numbers of parties, the workloads associated with them can be challenging. Where an attorney lacks the resources or support to manage these demands, the true victims of the potential failure are the absent class members. This concern is relevant here, given Plaintiffs' allegations that their potential Section 24 class could include hundreds of people, and in consideration of counsels' declarations that they are currently engaged in a number of other putative class action matters. Nevertheless, Plaintiffs' attorneys have made no attempt to state that they have the resources to foot the sometimes substantial costs associated with maintaining a sizeable class action matter, or that they have the support to do so while simultaneously managing numerous other active class action cases. Absent assurances to the contrary, the Court cannot find that these interests have been met. See *Valley Drug Co.*, 350 F.3d at 1187.

    **iv.    RULE 23(g)(1)(B)**

Finally, Rule 23(g)(1)(B) gives a court discerning the adequacy of an attorney the supplemental ability to consider "any . . . matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." As such, a court may examine the quality of briefs and arguments presented by counsel as evidence of competence. *See* Wright, Miller & Kane § 1769.1 (3d ed.); *see also Young*, 188 F.R.D. at 508 (S.D. Ind. 1999). This inquiry renders a number of additional concerns that weigh against a finding of adequacy.

First, Plaintiffs' request to certify their Section 24 claim as a class action was procedurally improper because it was housed within their Reply. (Doc. #51). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 3:15-CV-164-HES-MCR, 2015 WL 12835689, at *1 (M.D. Fla. Sept.

13

10, 2015) (citing *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011)). Therefore, because Plaintiffs exceeded these boundaries in their Reply, they did so in error. Given the often technical application of procedure in a class action context, Plaintiffs lack of adherence to established rules gives rise to questions of whether similar improprieties in the future would affect the interests of the class.

Second, at different points throughout the record Plaintiffs have stated three different class definitions. (Docs. #1 at ¶129; #43 at ¶ 8; #44 at 10; #51 at ¶ 11). Involved in these definitions have been "exotic entertainers," "entertainers," "bartenders," and "massage girls." Perplexingly, the Complaint does not mention "bartenders" or "massage girls" and instead only references "entertainers," "exotic 'entertainers,'" and "dancers." (Doc. #1). Assuming that Plaintiffs' most recent class definition is intended to be the operative version, it is problematic because Plaintiffs' Complaint does not allege that any of the named representatives are "massage girls." Thus, if the Court were to utilize Plaintiffs' current proposed class definition to certify their Section 24 claim, and if none of the Plaintiffs were "massage girls," the absurd possibility arises that a significant subgroup of the class would lack a named representative. Of course, this invokes Article III standing issues. It is well established that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (internal punctuation omitted). While it is certainly possible that that the named representatives may have been both "entertainers" and "massage girls," Plaintiffs' counsel has spilled no ink on the issue. Neither has there

been any attempt to explain how or why the experiences of the "massage girls" are typical of those of the named Plaintiffs.

This is particularly condemning because the issue was explicitly raised in the Report and Recommendation, and because Plaintiffs have since failed to remedy the error or object to the finding in any meaningful way. (Doc. #63 at 14). Absent an allegation or argument on the issue, the Court is unable to find that the named Plaintiffs have standing to represent a class of "massage girls." Given that the litigation of this matter has progressed for over a year, and that Plaintiffs' attorneys have had three separate opportunities to formulate a class definition, this shortcoming also weighs heavily against a finding of adequacy.

### III.   CONCLUSION

In sum, the change in controlling law does prompt the Court to reconsider its prior Order and to render a different opinion as to the Rule 23(b)(3) interests of superiority. Nevertheless, the Court finds that Plaintiffs have failed to carry their burden as it relates to adequacy.[6] Consequently, the end result of the Court's prior order remains unchanged, and class certification is denied.[7]

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion for Reconsideration of Rule 23 Class Certification (Doc. #79) is **GRANTED**.

2. Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) and

---

[6] This decision does not foreclose a finding of adequacy in other matters before the Court in the future.
[7] The Court's ruling today has no impact on the collective action proceedings in this matter.

Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) and Motion for Authorization to Send Notice to the Class (Doc. #51) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of January, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record