UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMERA GOERS and ASHLEY
CRISTINE MULLIGAN, individually,
and on behalf of all others similarly
situated

       Plaintiffs,

v.                                                                Case No: 2:15-cv-412-FtM-38CM

L.A. ENTERTAINMENT GROUP,
INC. and AMER SALAMEH,

       Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the parties' Joint Motion to Approve FLSA Settlement Agreement and Memorandum of Law (Doc. 166) filed on October 13, 2017. The parties provided a copy of the proposed Settlement Agreement and Release of Claims. Doc. 166 at 17-34. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss the case with prejudice. Doc. 166. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must

scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Plaintiffs, Tamara Goers and Ashley Christine Mulligan, individually and on behalf of other similarly situated current and former employees of L.A. Entertainment Group, Inc. d/b/a Babes of Fort Myers ("Babes"), an adult entertainment venue, brought this action against Defendants alleging violations of the FLSA. *See* Doc. 1. Specifically, Plaintiffs allege that Defendants misclassified them as independent contractors, did not compensate them with overtime pay in violation of the FLSA, and siphoned Plaintiffs' tips to non-tip-eligible employees. *Id.* at ¶¶ 2-5. Defendant L.A. Entertainment Group, Inc. is a corporation engaged in business in Florida. *Id.* at ¶ 11. Defendant Amer Salameh is the president and manager of Babes and a Florida resident. *Id.* at ¶¶ 17, 34. Goers, Mulligan, and the opt-in plaintiffs (collectively, "Plaintiffs") are adult entertainers in the state of Florida employed by Babes between 2010 and 2015. *Id.* at ¶¶ 12-15.

On August 25, 2016, the Court granted provisional certification under Section 216(b) of the FLSA to the class of current and former entertainers that had worked at Babes within the prior three years. Doc. 72 at 7-8. On January 31, 2017, the Court granted approval of the Proposed Class Action Notice (Doc. 77-1), and subsequently fifteen (15) putative class members opted-in to the FLSA claim, not including Plaintiffs Goers and Mulligan. Doc. 166 at 34.

Two formal mediations were held on April 22, 2016 and January 27, 2017 before Mediator Jim Nulman. *Id.* at ¶ 9. Although the parties were not successful

in reaching an agreement at either mediation, they were able to reach an agreement with regard to Plaintiffs' claims on July 28, 2017. *Id.* at ¶ 11. The parties then began to negotiate attorneys' fees and costs. *Id.* at ¶ 12. The parties reached an agreement regarding fees and costs on October 3, 2017. *Id.*

In the proposed Settlement Agreement, Defendants agree to pay Goers, Mulligan, and all opt-in plaintiffs a settlement amount totaling seventy-eight thousand dollars ($78,000.00). *Id.* at ¶ 15. The amount is to be divided amongst Plaintiffs as set forth in the chart that the parties have labeled "Exhibit A" to the settlement agreement. *Id.* at 34. In addition, Defendants will pay reasonable attorneys' fees and costs in the amount of eight-five thousand dollars ($85,000.00). *Id.* at ¶ 18. Due to Defendants' financial constraints, the parties have agreed to structure payment of the settlement and attorneys' fees and costs into equal monthly installments to be paid over a period of eighteen (18) months. *Id.* at ¶ 20.

Each party was independently represented by counsel with experience in litigating claims under the FLSA, who vigorously represented their clients' rights. *Id.* at 10. The parties submit that the "complexity, expense, and length of future litigation militate in favor" of settlement. *Id.* at 11. The parties state that they have performed significant discovery, including "interrogatories, requests for production, and request[s] for admissions," as well as taken depositions and conducted extensive investigation into liability and damages. *Id.* at ¶ 8. The parties also note that, based on investigation into Defendants' financial viability, there is a likelihood that Defendants would not be able to satisfy a judgment obtained

at trial. *Id.* at 10. Thus, the parties propose that the settlement represents a reasonable compromise of a disputed claim. *Id.* at ¶ 21.

Based on the Court's review of the settlement agreements, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As part of the settlement, Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the amount of eight-five thousand dollars ($85,000.00). Doc. 166, ¶ 18. The parties state the amount of attorneys' fees and costs is reasonable, given that the amount of attorneys' fees payable to Plaintiffs' counsel represents over a seventy-three percent (73%) fee reduction from the amount Plaintiffs' counsel could have sought using the *Lodestar* approach. Doc. 166 at 13. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery. *Id.* at 12.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest

taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 166 at 12.

Thus, having reviewed the settlement agreements (Doc. 166 at 17-34), the Court recommends the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The parties' Joint Motion to Approve FLSA Settlement Agreement and Memorandum of Law (Doc. 166 at 1-15) be **GRANTED** and the proposed Settlement Agreement and Release of Claims (Doc. 166 at 17-34) be **APPROVED**; and

2. The Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 18th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record